In re Edward P. SUTHERLAND d/b/a Sutherland Associates, Debtor.

In re SUTHERLAND ASSOCIATES, INC., Debtor.

Bankruptcy Nos. 80–00062, 80–00063. Adv. Nos. 80–0067, 80–0069.

United States Bankruptcy Court, D. Vermont.

July 29, 1981.

Sulloway, Hollis & Soden, Concord, N. H., for the debtor.

## MEMORANDUM AND ORDER AS TO ALLOWANCE OF COMPENSATION AND EXPENSES TO ATTORNEYS FOR DEBTORS

CHARLES J. MARRO, District Judge.

Sutherland Associates, Inc., a general corporation, and Edward P. Sutherland, individually, filed separate Voluntary Petitions for Relief under Chapter 7 of the Bankruptcy Code on March 25, 1980.

The Schedules of Sutherland Associates, Inc., show total liabilities of $84,048.29 and assets of $5,185.62 represented by money held in escrow by Natt Divoll, Esquire, in connection with a disputed claim. A careful examination of the Petition, Schedules and Statement of Affairs indicates that this case is a rather simple one without complications.

The Schedules of Edward P. Sutherland as debtor show total liabilities of $1,902,-487.48 and assets of $1,328,072.90. Most of the assets consist of real estate including condominiums all of which appear to be subject to liens in excess of their total value. Although this case would appear to have some problems relating to legal services rendered in anticipation of bankruptcy and in the preparation of the Schedules it is noted that the great majority of the creditors are listed on ledger sheets which were apparently taken from the books of the debtor. Therefore, the time necessary to prepare that part of the Schedules relating to trade creditors should have been minimal.

The Amended Disclosure Statement of the Attorneys for the Debtor, Sulloway, Hollis and Soden, Esquires, of Concord, New Hampshire indicates that they have been paid for services rendered in contemplation of and in connection with these cases $6,625.00 and have paid to John J. Long, Jr., Esquire, of White River Junction, Vermont, the sum of $60.75 and that, in addition, they held as a retainer the sum of $4,151.00 from which they anticipated and expected to be paid for additional services and from which they had also paid John J. Long, Jr., Esquire, the sum of $439.25.

The Trustee, Jerome I. Meyers, Esquire, did on May 20, 1980, file a Complaint for an Accounting and statement of services rendered by the Attorneys for the Debtor and requiring that the attorneys pay over to him as trustee any excess over and above the reasonable charges for legal services. He alleges in his Complaint that any retain-

er received by the attorneys belonged to the Debtors under § 542 of the Bankruptcy Code and that he as trustee is entitled to them. His Complaint also alleges that under § 329 of the Code the Court may cancel any agreement which provides for compensation to the attorney for the debtor exceeding the reasonable value of legal services rendered.

On June 19, 1980, John J. Long, Jr., Esquire, filed a Motion for the Allowance of Compensation for legal services rendered after the date of the filing of the Petition; i. e., the period from April 2, 1980 through June 17, 1980. He sets forth the total time of 14.65 hours at $45.00 an hour for total compensation of $659.25 and disbursements of $18.15 for a grand total of $677.40. A hearing was held on this Motion and, although the services were rendered by this attorney for the debtor after the date of the filing of the Petition, the Court is satisfied that they were necessary in defending certain actions taken by creditors during a gap period between the filing of the Petition and the appointment of an interim trustee. They, therefore, resulted in the preservation of the bankrupt estate. The charges made appear reasonable and they should be allowed.

On September 25, 1980, Sulloway, Hollis and Soden, Esquires, filed an Amended Answer to the Trustee's Complaint requiring them to turn over monies received as a retainer. This Amended Answer was supported by itemized statements showing the nature of services rendered and the time actually spent. The itemization also indicates that they turned over to John J. Long, Jr., Esquire, the sum of $620.00 which amount is apparently intended to cover filing fees of $120.00 and a retainer of $500.00. The $500.00 fee corresponds with the sums of $60.75 and $439.25 shown in the Amended Disclosure Statement of Attorneys Sulloway, Hollis and Soden. The Court is satisfied that this sum is reasonable for the services performed by Attorney Long in this proceeding up to and through the date of the first meeting of creditors.

The trustee, Jerome I. Meyers, Esquire, by letter dated February 4, 1981 and filed February 5, 1981 expressed his objections to the allowance of compensation requested by the attorneys for the debtors, Sulloway, Hollis and Soden, Esquires, under three categories referred to in Exhibits "A," "B" and "C" attached to this letter. He indicated that these attorneys for the debtor were charging for 50.83 hours of service unrelated to the preparation of the Petitions and of the Schedules; for 32.83 hours for conferences between attorneys in the firm of counsel for the debtors which represented repetitious matters and unnecessary duplication of efforts; for 65.50 hours in the preparation of the Bankruptcy Petitions individually by one member of the firm or by two jointly.

An examination of the itemization clearly shows that there is much merit to the objections of the Trustee. Under § 330(a) of the Bankruptcy Code the Court may award to the debtor's attorney:

"(1) reasonable compensation for *actual, necessary* services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses."

It is noted that the reasonable compensation to be awarded must be for *actual and necessary* services rendered by the attorney. This Court is satisfied that most of the time spent by Sulloway, Hollis and Soden as attorneys for the debtors was not necessary in contemplation of bankruptcy, in actual preparation of the Schedules and in preparation for and attendance at the first meetings of creditors.

As pointed out the case of Sutherland Associates, Inc., was a rather simple one and, under ordinary circumstances, would require a minimum of legal services. The

Schedules could be prepared readily, upon instruction, by a legal secretary or paralegal.

In the individual case of Edward P. Sutherland, although the numbers as to assets and liabilities are high, it should have been apparent to the attorneys for the debtors that he was hopelessly insolvent, that the assets consisted mostly of real estate in which there was no equity, contingent claims substantial in amount, but of little or no value, and cash in the sum of $5.00. It should have been apparent to the attorneys for the debtors that no time should have been spent in focusing on reorganization for which charges have been made, especially since the Statement of Affairs discloses an unsuccessful composition with creditors made on May 25, 1979.

There are many charges for legal services unrelated to the bankruptcy proceeding. There are many hours charged which relate to exemptions. The competency of the attorneys in bankruptcy matters is not questioned. They have excellent credentials. With their ability they should have been able to reach a conclusion as to exemptions in a few hours. It is apparent that most of their time was ill spent.

■ The rate of compensation is also unreasonable. § 330 of the Code does provide that compensation for professionals should be based on the time, the nature, the extent and value of such services and the cost of comparable services other than in a case under this title. This Court construes this requirement to mean the cost in the community area or district in which the legal services are rendered. The usual rate for such services in this district is $50.00 an hour. As a matter of fact, local attorney Long has charged only $45.00 an hour. Attorneys Sulloway, Hollis and Soden, based in Concord, New Hampshire have charged $90.00 an hour for many of their services. They attempt to justify this as the alleged prevailing rate in the Concord—Manchester, N. H. area. However, the services were not rendered in a New Hampshire case and, unless it is shown that these were of an unusual nature to justify the rate charged, it should be limited to the fees prevailing in this area. This Court is satisfied that the legal services rendered were of an ordinary nature and could be adequately performed by Vermont counsel at the much lower charge.

In some cases the fixing of attorney's fees becomes most disturbing. The Court would rather not point out that charges were made on a time clock or meter running basis. Yet the only fair conclusion in this case is that most of the services rendered by Sulloway, Hollis and Soden, Esquires, were not necessary and some were not strictly of a legal nature, that the hourly rate charged is excessive, that many of the services were performed by inter office members of this law firm jointly and were repetitious. The amounts charged are not reasonable.

In accordance with the foregoing,

IT IS ORDERED as follows:

1. John J. Long, Jr., Esquire, attorney for the debtor, is allowed the sum of $500.00 for pre-petition legal services and reimbursement of $120.00 for filing fees.

2. John J. Long, Jr., Esquire, as attorney for the debtor is allowed the sum of $659.25 as compensation for post-petition services and $18.15 for expenses.

3. Sulloway, Hollis and Soden, Esquires, attorneys for the debtor, are allowed the sum of $750.00 for legal services in the case of Sutherland Associates, Inc., No. 80–63 and the further sum of $1,800.00 for legal services in the case of Edward P. Sutherland, No. 80–62 together with $68.50 for expenses.

4. Sulloway, Hollis and Soden, Esquires, shall turn over to Jerome I. Meyers, Esquire, trustee, all money received by them as a retainer from the debtor less those sums already paid over to John J. Long, Jr., Esquire, ($620.00) and to the trustee.

5. The trustee, upon receipt of the balance of said retainer, shall pay over to the respective attorneys for the debtor the sums recited under paragraphs (2) and (3), supra.