In re The NOVA REAL ESTATE INVESTMENT TRUST, f/k/a First Virginia Mortgage and Real Estate Investment Trust, Debtor.

Bankruptcy No. 81–01239.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Dec. 9, 1982.

Quinlan J. Shea, Jr., Washington, D.C., Acting U.S. Trustee.

Roger Frankel, Frankel & Jacobs, Chartered, Bethesda, Md., Henry St. John Fitzgerald, Tolbert, Smith, Fitzgerald & Ramsey, Arlington, Va., Reavis & McGrath, Washington, D.C., Kenny, Nachwalter & Seymour, Miami, Fla., for debtor.

Michael L. Cook, Skadden, Arps, Slate, Meagher & Flom, New York City, Michael McGettigan, Murphy, McGettigan, McNally & West, P.C., Alexandria, Va., for the creditors' committee.

Charles A. Docter, Docter, Docter & Salus, Washington, D.C., for Senior Subordinated Noteholders.

Matthew P. Bangs, Arlington, Va., for NS & T Bank, N.A., Indenture Trustee.

James E. Wesner, Ginsburg, Feldman & Bress, Samuel M. Greenbaum, Washington, D.C., for NS & T Bank, N.A.

William H. Schwarzschild, III, Williams, Mullen, Christian, Pollard & Gray, Richmond, Va., for Bank of Virginia, Indenture Trustee.

A. Hugo Blankingship, Jr., Blankingship & Keith, Fairfax, Va., for Bank of Virginia.

K. Rodney May, Washington, D.C., for S.E.C.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

We deal here with the issue of award of counsel fees.[1] The general criteria for the award of fees for employment under Section 1103 of the Bankruptcy Code is Section 330(a):

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

In addition, the Fourth Circuit Court of Appeals has set forth more specific. guidelines in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.1978), citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), later modified by *Anderson v. Morris,* 658 F.2d 246, 248 (4th Cir. 1981).

A further issue is presented here, apparently not directly dealt with before in this Circuit. Specifically, should counsel from another jurisdiction be awarded a higher hourly rate than is applicable in this locality based solely upon the fact that such higher rate is standard and proper in the geographical area of practice of such counsel?

The fees billed for herein arise from services rendered in the reorganization of a real estate investment trust which required representation of several parties, including the debtor, and two Creditors' Committees[2].

---

1. It was agreed by all counsel that counsel fees would be allowed in certain cases in the amount of two-thirds of the requested compensation only, with one-third being held in reserve until final determination of the Court as to the amount to be allowed. The counsel fees affected by the one-third reserve are those of: Skadden, Arps, Slate, Meagher & Flom; Reznick,

Fedder & Silverman, CPAs; Docter, Docter & Salus, P.C.; Frankel & Jacobs, Chartered; Kenny, Nachwalter & Seymour; and Tolbert, Smith, Fitzgerald & Ramsay.

2. The two Creditors' Committees were: (1) the original committee representing unsecured creditors (hereafter called the "Creditors' Com-

Counsel for the debtor are based locally as are counsel for the Senior Subordinated Noteholders, while counsel for the Creditors' Committee have their offices in New York City. Counsel for the debtor have applied for fees based upon an hourly rate of $100.00, asserting that this is the normal and proper fee for this area of practice for the type of services rendered here, while counsel for the Senior Subordinated Noteholders have applied for fees based upon an hourly rate of $175.00 asserting that the unusual nature of the services provided warrants such a fee.

We will review the applicable elements to be considered in the light of the *Barber* case, *supra,* and the *Anderson* case, *supra.*

Information concerning the nature and extent of services rendered by each counsel has been provided under the long-established policy of this Court which requires an itemized statement of services rendered indicating the date of the service, explanation of the service rendered, and time expended by each individual along with the rates to be charged.

 The customary fees allowed by this Court for practice here normally range from $60.00 per hour to $120.00 per hour depending upon the experience of counsel, the complexities of the issues, the nature and difficulties of the case, the expertise required, and the results obtained.

There can be no compensation allowed for duplication of time between counsel, unnecessary time expended, or for preparation or review of the application for compensation. As indicated in the *Anderson* case, *supra,* the issue of duplication is not always easy to determine, but every effort should be made by counsel, as officers of the court, to see that this does not occur. The Court also must employ careful scrutiny to prevent such a charge from being allowed.

Having reviewed the basic requirements set forth in *Anderson, supra,* we then turn to only those factors enumerated in *John-*

*son, supra,* which are applicable here. *Anderson v. Morris, supra,* at 249.

The issues in the instant litigation are of a more complex and difficult nature than those normally before the court and require greater skill and expertise than would generally be required. Furthermore, the amount in controversy was of a substantial nature, and the results must certainly be considered to be above average.

All of the counsel before the Court have had substantial experience in the field of bankruptcy and their qualifications in this area cannot be questioned.

Concerning the nature and length of the professional relationship, it must be noted that the relationship between counsel for the debtor and the debtor is one of long standing and of a continuing nature, while that between counsel for the Creditors' Committee and the Senior Subordinated Noteholders and their clients would appear to be one which begins and ends with the representation in these proceedings.

We must next examine the request that counsel for the Creditors' Committee be allowed a higher rate because such higher rate would be allowed in the area of regular practice of such counsel, *i.e.,* New York City.

 The first aspect to be examined is whether the services rendered are of such a nature that counsel in this locality could be obtained who would have sufficient and proper expertise to fulfill the required role. There are many counsel in the immediate vicinity who would certainly have the required expertise and, therefore, the argument of lack of competent counsel in this area cannot be advanced as a justification for a higher fee to be paid out-of-state counsel. To grant such an increased fee solely on the basis that it would be allowed in another jurisdiction seems neither reasonable nor desirable. Any other view could lead to abuse and appears particularly inequitable when we remember that the

mittee") represented by Skadden, Arps, Slate, Meagher & Flom; and (2) the Committee to Represent the Interest of Senior Subordinated Noteholders (hereafter called the "Senior Subordinated Noteholders") represented by Docter, Docter & Salus.

compensation allowed is not paid by the party represented but by the debtor. Accordingly, there will be no increased allowance on such basis. *See, In re Sutherland,* 14 B.R. 55, 58 (Bkrtcy.D.Vt.1981).

■ Therefore, it is the judgment of this Court that lead counsel for the Creditors' Committee and lead counsel for the Senior Subordinated Noteholders should be compensated at a rate of $135.00 per hour, with the rates for associates, including law clerks and paralegals, in those firms to be adjusted downward accordingly.

■ Lead counsel for the debtor will be compensated at the requested rates of $100.00 per hour, with the rates for associates adjusted accordingly.

■ Counsel for the Creditors' Committee also has requested allowance of certain additional amounts for what are characterized as overtime for secretarial assistance, and equipment usage. The reason assigned is that certain aspects of the case required that the matters be handled on an emergency basis. No such charges have been requested by counsel for the Senior Subordinated Noteholders or by debtor's counsel.

This request appears to fall in the same category as a determination of what hours reasonably should be included. *See, Anderson v. Morris, supra,* at 249.

A careful review of the circumstances, including the fact that counsel for other parties who were forced to labor under the same time constraints have not applied for such charges, would appear to indicate that allowing such charges would amount to granting a premium for the services rendered. Under the circumstances, the charges are not warranted and, accordingly, will not be allowed.

■ Counsel for the debtor also has challenged the rate to be allowed accountants, essentially on the basis that the amount of work done was unnecessary and excessive, pointing out that the time and charges for the Senior Subordinated Noteholders' accountant exceeds that of the charges for a certified audit by debtor's accountant for an entire year. A challenge is also directed at the charges for the accountant for the Creditors' Committee.

As has been pointed out above, the issues here were complex and included complicated financial transactions. The function of an accountant in investigating such a matter could require more time to be expended than a certified audit for an extended period. This is an area extremely difficult to quantify but it would appear from an overall view of the case that such charges are not unreasonable or unjustified. Further, it would appear that a proper rate of compensation would be $95.00 per hour and, accordingly, fees of senior Certified Public Accountants will be allowed at the maximum hourly rate of $95.00 with the rates of associates adjusted downward accordingly.

The requested fees to be allowed counsel for NS & T Bank, N.A. (formerly National Savings and Trust Company), as well as the Bank of Virginia, as Indenture Trustees, and Reavis & McGrath, as securities counsel for the debtor, having been reviewed under the standard of the *Johnson* and *Anderson* cases, appear proper and will be allowed at the requested rates. Fees requested by Kenny, Nachwalter & Seymour for services rendered in Florida on behalf of the debtor will be allowed at the maximum hourly rate of $125.00, with rates of associates adjusted downward accordingly.

Counsel will prepare appropriate endorsed orders for their respective fees in accordance with the above and shall complete and attach to each order the form appended hereto, and shall give notice to all other counsel of presentation of such order to allow ample opportunity for opposing counsel to review the requests for the proper allowance.