### In re The NOVA REAL ESTATE INVESTMENT TRUST, f/k/a First Virginia Mortgage and Real Estate Investment Trust, Debtor.

**Bankruptcy No. 81–01239.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 6, 1983.

Charles A. Docter, Docter, Docter & Salus, P.C., Washington, D.C., for Senior Subordinated Noteholders.

Henry St. John Fitzgerald, Arlington, Va., Roger Frankel, Bethesda, Md., for debtor.

Arthur F. Fergenson, Alexandria, Va., acting U.S. trustee.

Murray Drabkin, Cadwalader, Wickersham & Taft, Washington, D.C., for Parkway Co.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

A motion has been filed whereby Docter, Docter & Salus, counsel for the Senior Subordinated Noteholders' Committee herein, seek a reconsideration of the Memorandum Opinion and Order entered on December 2, 1982 in this matter, whereby the Court fixed fees for counsel in this case. 25 B.R. 252 (Bkrtcy.Va.1982).

It is the movants' position that because of the results accomplished by their law firm on behalf of the senior subordinated noteholders that they should be awarded a premium for their services. The movants cite as authority for a premium *In re Penn-Dixie Industries, Inc.,* 18 B.R. 834 (Bkrtcy.S.D. N.Y.1982); *In the Matter of Aminex Corporation,* 15 B.R. 356 (Bkrtcy.S.D.N.Y.1981); *In re Garland Corp.,* 8 B.R. 826 (Bkrtcy.D. Mass.1981); *In re Rose Pass Mines, Inc.,* 615 F.2d 1088 (9th Cir.1980).

Indicating that this position was not asserted previously, because counsel was not aware that the fees would be lumped together with the fees for the Creditors' Committee, they assert that the Creditors' Committee representing senior noteholders was always in a position to obtain 100% because of its position in the solvency of the corporation. They further point out that originally the senior subordinated noteholders, whom they represent, were offered what would be a present value of 80%–85% and such noteholders might have been forced to accept this but for the efforts of Docter, Docter & Salus, wherein the position of these senior subordinated noteholders was substantially enhanced, as shown by the final confirmation wherein they received a payment of 104%.

Docter, Docter & Salus raise further issues concerning adjustment of fees and indicate that this would create a hardship on the firm in connection with certain partners and would create an inequity in connection with paralegals.

The debtor opposes the motion to reconsider indicating that these issues were raised previously, that the position concerning the rate for paralegals is incorrect and that the clear language and spirit of the Order requires associates' and paralegals' fees to be adjusted downwards.

It is correct that premiums have been allowed to counsel in bankruptcy matters, including awards under the Act of 1898, wherein the caveat of economy prevailed. (*Matter of Aminex Corporation, supra.*) Premiums of this nature have been allowed by allowing an increase over the hourly rate (*Matter of Rose Pass Mines, Inc., supra*), by allowing an additional sum certain (*Matter of Aminex Corporation, supra*), or by allowing a percentage override on the allowed amount of the fee. (*In re Garland Corp., supra.*)

There can be no doubt that one of the factors to be considered in fixing fees for counsel is the result obtained, that is, the bottom line amount recovered for the estate or the creditor, as the case may be. It is correctly asserted that the matter concerning a premium based upon the reasoning set forth was not directed to the Court previously. It would appear, based upon the results in this case, along with the other matters previously considered, that a premium would be proper for counsel for the senior subordinated noteholders who did accomplish an increase for these creditors from an 80%–85% position to a position in excess of 100%.

It would further appear that the most equitable way to award such a premium would be by a percentage of the total fee allowed to counsel, excluding any allowed expenses. Accordingly, counsel for the subordinated debenture holders, Docter, Docter & Salus, will be allowed a premium of ten

percent based upon the total fee allowed in connection with the Memorandum Opinion of December 2, 1982.

That portion of the motion which deals with the issues concerning the adjustment of fees as to members of the firm or paralegals is overruled based upon the foregoing additional allowance.