John B. ANDERSON, Appellant,

and

D. A. Bert Booth, Kevin P. McCleaf, Gerald M. Eisenstat, Plaintiffs,

v.

Willard A. MORRIS, in his official capacity as State Administrator of the Election Laws, State Administrative Board of Election Laws; Theodore N. Clark, in his official capacity as Chairman of the State Administrative Board of Election Laws; James W. Johnson, in his official capacity as Vice-Chairman of the State Administrative Board of Election Laws; Reginald A. Asplen, in his official capacity as a member of the State Administrative Board of Election Laws; Karen Lancaster, in her official capacity as a member of the State Administrative Board of Election Laws; Sylvia Raphael, in her official capacity as a member of the State Administrative Board of Election Laws; State Administrative Board of Election Laws, Appellees.

John B. ANDERSON, D. A. Bert Booth, Kevin P. McCleaf, Gerald M. Eisenstat, Appellees,

v.

Willard A. MORRIS, in his official capacity as State Administrator of the Election Laws, State Administrative Board of Election Laws; Theodore N. Clark, in his official capacity as Chairman of the State Administrative Board of Election Laws; James W. Johnson, in his official capacity as Vice-Chairman of the State Administrative Board of Election Laws; Reginald A. Asplen, in his official capacity as a member of the State Administrative Board of Election Laws; Karen Lancaster, in her official capacity as a member of the State Administrative Board of Election Laws; Sylvia Raphael, in her official capacity as a member of the State Administrative Board of Election Laws; State Administrative Board of Election Laws, Appellants.

Nos. 81–1007, 81–1008.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1981.

Decided Sept. 1, 1981.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and RICHARD C. ERWIN, United States District Judge for the Middle District of North Carolina, sitting by designation.

BUTZNER, Circuit Judge:

John B. Anderson appeals from an order of the district court's awarding him $10,000 in attorneys' fees pursuant to 42 U.S.C. § 1988. Anderson contends that the court considered improper factors in reducing his fee award to less than 25 percent of the amount he requested. The State of Maryland cross-appeals, alleging that the court lacked jurisdiction to award any fees because the request was untimely. Finding that the court had jurisdiction but applied incorrect legal standards, we remand.

I

On June 25, 1980, Anderson filed suit challenging the constitutionality of Maryland's filing deadline for independent Presidential candidates. The district court on August 6 held the filing deadline to be unconstitutional and directed the state to place Anderson's name on the ballot for the 1980 Presidential election. 500 F.Supp. 1095. We affirmed on September 17. 636 F.2d 55 (4th Cir.).

Twelve days later, Anderson filed his motion for attorneys' fees and submitted an affidavit detailing the work performed by law firms from Washington, D.C., and Baltimore, Maryland. The affidavit gave $43,-453.12 as his base request. Anderson arrived at this figure by multiplying the firm's customary hourly rates by the actual hours spent, less 25 percent of the total time because of possible duplication of efforts. The state opposed the request as untimely.

The district court ruled that the demand was timely, that Anderson was the prevailing party, and that no special circumstances justified denial of a fee. It reduced the award to $10,000, however. Although the court acknowledged the skill, experience, reputation, and ability of the attorneys, it reasoned that the case was a "cause cele-

Henry R. Lord, Thomas J. Gisriel, Baltimore, Md. (Michael C. Powell, Piper & Marbury, Mitchell Rogovin, George T. Frampton, Jr., Ellen M. Semonoff, Rogovin, Stern & Huge, Washington, D. C., on brief), for appellant/appellees.

Diana G. Motz, Asst. Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen. of Md., Robert A. Zarnoch, Asst. Atty. Gen., Baltimore, Md., on brief), for appellees/appellants.

bre" that gave "intangible benefits" to the attorneys and law firms involved in "such high-profile litigation." Because of these benefits and because, according to the court, many in the legal community would have undertaken the litigation with the expectation of little or no fees, the court found the amount requested to be excessive.

## II

The state argues that the district court did not have jurisdiction to make an award because Anderson did not move to amend the final judgment of August 6 by adding a request for attorneys' fees within 10 days as required by Fed.R.Civ.P. 59(e). We cannot accept the premise of this argument, because the order of August 6 was not a final judgment.

■■■ An order is final only if it addresses all claims for relief. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 742, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). The legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 specifies that attorneys' fees are an integral part of the remedies necessary to obtain compliance with the civil rights laws. S.Rep.No.94–1011, 94th Cong., 2d Sess. at 5, *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5913. Both the original and amended complaints in this case included a request for attorneys' fees. The district court's order directing the state to place Anderson on the ballot made no reference to the request for attorneys' fees. Because it failed to address all the prayers for relief, it was not a final judgment. *See Gurule v. Wilson*, 635 F.2d 782 (10th Cir. 1980); *Richerson v.*

*Jones*, 551 F.2d 918 (3d Cir. 1977). It was instead an interlocutory order, which was appealable under 28 U.S.C. § 1292(a)(1) as an order granting injunctive relief. The district court retained jurisdiction over the case and had ample authority to award attorneys' fees.[1]

## III

■■ In awarding attorneys' fees, however, the district court did not apply the proper legal standard. The court noted that *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), requires 12 factors to be considered,[2] but it reduced the award to $10,000 because of the attractiveness of the case and the publicity it received. Such considerations are not permissible criteria.

■■ The purpose of the Attorney's Fees Awards Act is to compensate prevailing plaintiffs for their costs: "[C]itizens must have the opportunity to recover what it costs them to vindicate [their civil] rights in court." S.Rep.No.94–1011, 94th Cong., 2d Sess. at 2, *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5910. The entitlement to fees is thus the plaintiffs', not their attorneys', and intangible benefits to counsel do not compensate plaintiffs. Moreover, the legislative history specifies that counsel are to be paid "as is traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter.'" S.Rep.No.94–1011, 94th Cong., 2d Sess. at 6 [1976] U.S.Code Cong. & Ad.News at 5913. A reduction of fees for the reasons stated by the district court does not satisfy this mandate.

Because this case must be remanded for recalculation of the fee, we take this oppor-

---

1. *DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690 (4th Cir. 1976), on which the state relies, is not to the contrary. In *DuBuit*, the appeal was from a final order not an interlocutory order granting an injunction.

2. The criteria mentioned in *Barber* are:
(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work;

(6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. 577 F.2d at 226 n.28.

tunity to provide the district court with more specific guidelines for setting the award. In *Barber*, we joined several other courts in approving the 12 factors for determination of fees that were originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Experience has shown, however, that these criteria are difficult to quantify. As one court has said, "merely providing a check list of factors to consider does not lead to consistent results or, in many cases, reasonable fees. Many of the factors are overlapping, and there is no guidance as to the relative importance of each factor, or indeed, how they are to be applied in a given case." *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 642 (6th Cir. 1979).

 The Court of Appeals of the Fifth Circuit, progenitor of the *Johnson* factors, has recognized these problems. It therefore has instructed district courts to first ascertain the nature and extent of the services supplied by the attorney from a statement showing the number of hours worked and an explanation of how these hours were spent. The court should next determine the customary hourly rate of compensation. These are essentially *Johnson* factors 1 and 5. The court should then multiply the number of hours reasonably expended by the customary hourly rate to determine an initial amount for the fee award. Finally, the court should adjust the fee on the basis of the other factors, briefly explaining how they affected the award. *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298–1300 (5th Cir. 1977). *See also Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 581–84 (5th Cir. 1980). We endorse this manner of applying the *Johnson* factors.

Of course, making this time-rate calculation is not a mechanical exercise. The judge must determine, for example, what hours may reasonably be included. When several firms are involved, the issue of duplication can be especially difficult. The judge must decide the rate of compensation for various services, such as those performed by partners and associates. More-

over, in determining both time and rate, the judge must evaluate the quality as well as the quantity of the attorneys' work.

Making such adjustments, as well as the others suggested by the 12 *Johnson* factors, falls within the discretion of the trial judge. He should, however, begin with a figure based on the number of hours reasonably expended multiplied by a reasonable hourly rate and then explain any adjustment of these figures either up or down because of the other *Johnson* factors listed in *Barber*.

The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion. Anderson shall recover his costs and a reasonable attorney's fee for this appeal to be determined by the district court.