John BAILEY, Jr., Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 81–0003–C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

March 22, 1982.

Gary W. Kendall, Charlottesville, Va., for plaintiff.

John S. Edwards, U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This action, involving a Social Security claimant's appeal of the defendant's deci-

sion to terminate claimant's period of disability and disability insurance benefits under the Social Security Act, is presently before the court on claimant's counsel's petition for attorney's fees. The defendant has objected to said petition, essentially on the grounds that the amount requested is unreasonable and clearly excessive. Claimant's counsel has responded to the defendant's objection by way of affidavit and exhibits. In substance, counsel's affidavits represent that the amount of fee requested is reflective of a fee agreement entered into between claimant and counsel, to-wit, that in exchange for counsel's promise to represent claimant, claimant agreed to pay counsel twenty-five percent (25%) of all recovered past-due Social Security benefits.

■ A careful reading of 42 U.S.C. § 406(b)(1) will reveal that what is not before the court is a contract dispute. Any contract that may exist exists between claimant and his counsel and is for another tribunal to decide. No contract exists between claimant and defendant or claimant's counsel and defendant. It is well settled in this Circuit that federal courts do not sit to approve routinely a contingency fee contract between Social Security claimants and their counsel. *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir. 1967).

■ Twelve factors must be considered in determining a fee award. These factors are:

1. The time and labor expended;
2. The novelty and difficulty of the questions raised;
3. The skill required to properly perform the legal services rendered;
4. The attorney's opportunity cost in pressing the instant litigation;
5. The customary fee for like work;
6. The attorney's expectations at the onset of the litigation;
7. The time limitations imposed by the client or circumstances;
8. The amount in controversy and the results obtained;
9. The experience, reputation, and ability of the attorney;
10. The undesirability of the case within the legal community in which the suit arose;
11. The nature and length of the professional relationship between attorney and client;
12. Attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). After determining an initial amount of the fee award, based on the customary rate of compensation and the number of hours worked, the court should adjust this initial fee on the basis of the remaining factors, briefly explaining how they affect the award. *Anderson v. Morris*, 658 F.2d 246 (4th Cir. 1981).

By exhibit, claimant's counsel has provided the court with a statement showing the number of hours worked and an explanation of how these hours were spent. He has also totalled the number of hours (41.3) and assigned an hourly rate of $55.00 per hour to arrive at a figure of $2,271.50. While the court feels that this hourly rate may be somewhat modest, it accepts counsel's figure and now must adjust this initial fee on the basis of the remaining factors.

The second factor does not seem to the court to require any adjustment. The issues resolved in this case cannot be considered novel issues, and, while the fact pattern in this case was of major significance in resolving the controversy, there is very considerable case law explicating the application of the appropriate principles of law to fact patterns very similar to that pattern in this case.

The third factor, the skill required properly to perform the legal services rendered, though not insignificant, was not of such magnitude as to affect significantly the initial fee, favorably or otherwise. The fourth factor, the attorney's opportunity cost, is significant. Considering the nature of claimant's counsel's practice, the court finds it highly probable that counsel's time would have been spent on more lucrative endeavors. As to the fifth factor, the customary fee for like work, the court finds it appro-

priate to adjust the initial fee upward in this case. Both factors six and seven are not applicable in this instance. Factor eight, the amount in controversy and the results obtained, also require an upward adjustment in that counsel obtained all relief possible for his client. This court also finds the ninth factor to require an upward adjustment, in that counsel's experience, reputation, and ability are considerable. The tenth factor is also not applicable in this case. The eleventh factor, the nature and length of the professional relationship between attorney and client, requires a slight upward adjustment. Counsel's representation of the claimant was for the purpose of this action only, and was not an ongoing relationship, such as one where counsel would be retained at a somewhat smaller hourly fee, yet for a considerably larger amount of work. The twelfth factor, attorneys' fees awards in similar cases, again requires a slight upward adjustment.

To the twelve factors cited above, the court also finds it appropriate to consider the fact that counsel and client have entered into what appears to be an arms-length fee agreement. As noted above, this court is mindful that the business of enforcing a contract between claimant and counsel is not today before it, and does not undertake to do so; however, in considering the setting of an appropriate fee, minimal attention to the fact that such an arms-length contract apparently exists is appropriate, not in terms of enforcing, directly or indirectly, that contract, but as an evidence, however little weight is to be given to it, that the parties most intimately concerned in the beginning with the fee question gave the twenty-five percent (25%) figure to set the fee. Very little weight can be given this evidence, however, because it is a contingency arrangement, bringing into play all of the initial intangible judgments as to the time involved, possibilities of success, and the other elements on both sides that justify or negate the idea of a contingency fee, intangible judgments difficult, if not impossible, to sort out and give weight to in any *ex post facto* way. Particularly is this true where such litigation is successful;

success rather effectively submerges doubts and hesitations of counsel which are considered by counsel, along with all other factors, in deciding on a contingent fee arrangement. While a consideration of the evidence as to this fee arrangement will not justify any adjustment to the fee in and of itself, it does perhaps give some minimal support to the adjustments made in the twelve factors enumerated.

For all the reasons heretofore stated, an appropriate Order will this day issue awarding claimant's counsel a fee in the amount of $4,000.00.