George R. Hodges, Moore & Van Allen, Charlotte, N.C., for plaintiff.

Hugh B. Campbell, Jr., Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, Charlotte, N.C., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## ORDER GRANTING EQUITABLE RELIEF

McMILLAN, District Judge.

Following the jury verdict in his favor, plaintiff has moved for equitable relief, including reinstatement in a position as a Territory/Account Manager with defendant's Atlanta District of the Industrial Division, or in a position equal in stature to the one which he held before the actions of defendant which culminated in plaintiff's illegal discharge.

Based upon the jury verdict and upon the court's independent findings from the evidence presented at the trial, I find that plaintiff is entitled to an order granting him reinstatement. In particular, I find that age was the principal and determining factor in the decision to deprive plaintiff of his metalworking accounts and to discharge plaintiff, that the discriminatory conduct of the defendant toward plaintiff was wilful, and that plaintiff's discharge was not effected in good faith.

Plaintiff's motion for equitable relief is ALLOWED to the following extent:

1. Defendant is enjoined to reinstate plaintiff as the Account Manager of a Charlotte-based territory in the Atlanta District of the Magnus Industrial Division, or in a position of equal stature, compensation, future prospects and responsibility in the Charlotte area.

2. Defendant is further enjoined to provide plaintiff with all rights and benefits, including pension benefits, which would have accrued to plaintiff if he had not been illegally discharged by defendant.

3. Until such time as plaintiff is reinstated, defendant shall pay plaintiff the same salary, benefits and emoluments, including increases and bonuses, as have been or are being and will be paid to other account managers of the Atlanta District of defendant's Magnus Industrial Division with no less seniority than plaintiff, less such amounts as plaintiff earns, or is able to earn, with reasonable diligence, during that period.

4. Defendant shall pay $80,500.00 to plaintiff as liquidated damages for wilful violation of the Age Discrimination in Employment Act.

5. These decisions shall be incorporated in the judgment.

Barney H. HIGH, Jr., Plaintiff,

v.

ECONOMICS LABORATORY, INC., Defendant.

No. C–C–82–109–M.

United States District Court, W.D. North Carolina, Charlotte Division.

Dec. 21, 1983.

See also 576 F.Supp. 1364.

George R. Hodges, Moore & Van Allen, Charlotte, N.C., for plaintiff.

Hugh B. Campbell, Jr., Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, Charlotte, N.C., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## ORDER ALLOWING ATTORNEYS' FEES

McMILLAN, District Judge.

On this date, the court is entering a final judgment on the jury's verdict in favor of plaintiff in this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* Plaintiff's attorneys have filed a petition for an award of attorneys' fees and costs under 29 U.S.C. § 626(b) and § 216(b). As the prevailing party, plaintiff is entitled to a reasonable attorneys' fee under these sections of the statute.

■ In calculating an attorney's fee under the Age Discrimination in Employment Act, the court is required to consider the twelve guidelines for setting fee awards in Title VII actions. *See, Spagnuolo v. Whirlpool,* 641 F.2d 1109, 1115 (4th Cir. 1981), *cert. denied,* 454 U.S. 860, 102 S.Ct. 316, 70 L.Ed.2d 158; *Walston v. School Board,* 566 F.2d 1201, 1204–5 (4th Cir. 1977). Under those guidelines, originally established in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.), the court is required to compute a base fee (lodestar amount) by multiplying the number of hours reasonably expended on the case by the customary hourly rate of compensation (factors one and five). This amount is then adjusted by the court up or down on the basis of the other ten *Georgia Highway Express* factors. *Anderson v. Morris,* 658 F.2d 246 (4th Cir.1981); *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Following that procedure, I have reached the following findings and conclusions:

1. *Time and labor expended.*—Plaintiff's counsel filed affidavits from which the court finds that three attorneys and six law clerks and legal assistants spent a total of 614.75 hours working on this case. There does not appear to have been any duplication of effort by the attorneys.

5. *Customary fee for like work.* —Plaintiff's attorneys have requested fees of $100 per hour for Mr. George R. Hodges, $55 per hour for Mr. Hayden J. Silver, III, $55 per hour for Mr. Donald S. Ingra-

ham, and $30 per hour for the law clerks and legal assistants who aided plaintiff's counsel. These rates are within the range of charges customarily made in this area for similar work.

The court thus determines that the base fee, before adjustment, should be set as follows:

Mr. George R. Hodges:
345.75 hours x $100 per hour = $34,575.00

Mr. Hayden J. Silver, III:
193.00 hours x $55 per hour = 10,615.00

Mr. Donald S. Ingraham:
13.00 hours x $55 per hour = 715.00

Law clerks and legal assistants:
63.00 hours x $30 per hour = 1,890.00

Total: $47,795.00

\*       \*       \*       \*       \*       \*

■ 2. *The novelty and difficulty of the questions raised.*—This case did not involve novel issues of law. However, it involved complex and hotly contested factual questions. Plaintiff's attorneys compiled and presented an extensive factual record. This factor justifies an upward adjustment of the fee.

3. *The skill required.*—Plaintiff's attorneys were required to do extensive discovery, organize a substantial factual record, and conduct a five-day trial. Plaintiff's case included much circumstantial evidence derived from numerous, complicated records and reports. Plaintiff's evidentiary exhibits were clear, concise and persuasive, reflecting the fact that significant skill was employed by plaintiff's counsel to distill, organize and present them. This factor justifies an upward adjustment of the fee award.

4. *The preclusion of other employment by the attorneys because they handled this case.*—This factor does not call for any adjustment of the award.

6. *Whether the fee is fixed or contingent.*—This is a contingent fee case. The risks inherent in contingency fee litigation justify an upward adjustment in the attorneys' fee award.

7. *Time limitations imposed by the client or the circumstances.*—This factor does not call for any adjustment of the award.

8. *The amount involved and the results obtained.*—Plaintiff has been vindicated by the jury's verdict on his claim of wrongful discharge. He has recovered $80,500.00 in lost income as a result of the wrongful discharge, as well as liquidated damages of $80,500.00 based upon the jury's finding that the actions of the defendant in discharging plaintiff and removing his metalworking accounts were wilful. The court has ordered that plaintiff be reinstated to the Charlotte territory sales position which he held prior to defendant's unlawful behavior, with all financial and other benefits of that position. Plaintiff fully prevailed on his claims in this case, and the fee award will be adjusted upward on the basis of this factor.

9. *Experience, reputation and ability of the attorneys.*—Plaintiff's attorneys are members of a 46-person law firm in Charlotte and Raleigh, North Carolina. Mr. Hodges, plaintiff's primary trial attorney, was admitted to the North Carolina Bar in 1973. He has had substantial experience in employment litigation, at both the trial and appellate level. He, Mr. Silver, and Mr. Ingraham were competent, efficient and effective. The fee award will be adjusted upward on the basis of this factor.

10. *The undesirability of the case.*—Plaintiff's counsel, Mr. Hodges and Mr. Silver, deal with this question quite well:

"Cases involving discrimination claims frequently arouse animosities. This case was no different. Such cases are often more taxing on the attorneys outside the courtroom than within it. They require arduous labor, great persistence and dedication. Particularly, in this case plaintiff's counsel is an "establishment/defendant's" firm. Plaintiff's counsel had to develop a good deal of its case out of defendant's voluminous records (some of which—with witnesses—were in Minnesota). It was pieced together from many sources in Charlotte, Atlanta and St. Paul. In addition, counsel have taken a fair amount of flak from others for handling a plaintiff's case as a matter of principle. Plus, in a firm that generally

charges fees on an hourly/billing basis, a contingent fee case such as this is an albatross worn annually with un-billed/uncollected time to the firm Compensation Committee. An upward adjustment is proper in order to reward plaintiff's counsel for their willingness to handle this case and to encourage other attorneys to handle similar cases in the future."

11. *The nature and length of the professional relationship with the client.* —Plaintiff appears to be a one-time client of this firm and this factor does not require any adjustment of the award.

12. *Awards in similar cases.*—The fees requested in this case are within the reasonable range of fees previously allowed in similar cases. *See, Spagnuolo v. Whirlpool, supra.*

The combined effect of factors 2, 3, 6, 8, 9 and 10 justifies an upward adjustment of $15,000.00 in attorneys' fees.

In addition to fees, plaintiff is entitled to recover costs and expenses in the amount of $7,454.05.

IT IS THEREFORE ORDERED that defendant pay to counsel for plaintiff the following sums:

| | |
|---|---:|
| Attorneys' fees | $45,905.00 |
| Plus upward adjustment | 15,000.00 |
| Total attorneys' fees | 60,905.00 |
| Costs for law clerks and legal assistants | 1,890.00 |
| Costs and expenses | 7,454.05 |
| Total | $70,249.05 |