Patrick H. HYATT; Herman O. Caudle and Mary P. Lovingood, on behalf of themselves and all others similarly situated, Plaintiffs,

and

North Carolina Department of Human Resources, Disability Determination Services, Plaintiff-Intervenor,

v.

Margaret M. HECKLER, or her successors in office, Secretary of the United States Department of Health and Human Services, Defendant.

No. C–C–83–655–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 6, 1984.

Amended May 8, 1984.

Jane Harper, Legal Services of Southern Piedmont, Inc., John Wester, Fleming, Robinson, Bradshaw & Hinson, Charlotte, for plaintiffs.

Jeffrey L. Bishop, Charlotte, N.C., for plaintiff-intervenor.

Richard S. Poe, Asst. U.S. Atty., Charlotte, N.C.; Jason Baron, U.S. Dept. of Human Services, Baltimore, for defendant.

## AMENDED ORDER ALLOWING ATTORNEYS' FEES

McMILLAN, District Judge.

### I

Plaintiffs brought this class action suit against defendant in the fall of 1983, seeking injunctive relief for defendant's wilful violation of the law. The North Carolina Department of Human Resources, Disability Determination Services, later intervened. On February 14, 1984, this Court ordered the defendant to stop acting in violation of specified "controlling decisions of the United States Court of Appeals for the Fourth Circuit of the United States." 579 F.Supp. 985.

Plaintiffs and intervenor have now moved for an attorneys' fee award under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

### II

The EAJA, 28 U.S.C. § 2412(b), confers discretion on a court to find the United States liable for "fees and expenses to the same extent that any other party would be liable under the common law ...." The EAJA [further] provides that, unless otherwise provided by statute, a prevailing party in a case brought by or against the United States is entitled to fees, expenses and costs unless the United States establishes that its position in the litigation was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

■ Intervenor is entitled to fees and expenses under 28 U.S.C. § 2412(b). The United States has acted in bad faith, vexatiously and wantonly in this action (see discussion page 1156, infra), and those actions justify an award of fees. See, e.g., Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

■ Plaintiffs are clearly prevailing parties in this litigation. Just as clearly, the EAJA may apply to actions of the Secretary for Health and Human Services.

*See Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983). Therefore, the court must determine whether the government's position was "substantially justified." The burden is on the Secretary to show that her action met that standard. *See, e.g., Phillips v. Heckler,* 574 F.Supp. 870 (D.C.N.C. 1983); *Ulrich v. Schweiker,* 548 F.Supp. 63 (D.Idaho 1982). The "substantially justified" standard is essentially one of reasonableness, *Tyler v. Business Services, Inc. v. NLRB,* 695 F.2d 73 (4th Cir.1982), although "it can be concluded that the applicable standard which this court must apply is slightly above one based on reasonableness." *Wolverton v. Schweiker,* 533 F.Supp. 420, 424 (D.Idaho 1982). If the court finds that the Secretary's position was not "substantially justified," then the court must determine whether "special circumstances" would make an award of fees unjust. Finally, the court must determine what amount of fees, if any, should be awarded.

### III

■ The government's position in this case is neither "substantially justified" nor "reasonable." To the contrary, the Secretary's position is not even marginally justifiable, and it fairly may be characterized as outrageous, at best, both before this case was filed and during the course of this suit. The court found on February 14, 1984, as a matter of fact and of law, that the Secretary has consciously and wilfully disregarded the law. The court now reaffirms that conclusion. The government's defense in this court, on both jurisdictional and substantive grounds, of the Secretary's actions is equally unjustifiable. As this court held in its February 14, 1984 decision, the Secretary's jurisdictional defense is wholly without merit, and it has no substantive defense for its unlawful actions and practices. The court therefore concludes that the Secretary's position in this court is not substantially justified.

There are no "special circumstances" to make a fee award unjust.

Plaintiffs, therefore, as well as intervenor, are entitled to fees and costs under the EAJA. Based on the bad faith shown by the United States in this case, plaintiffs are entitled to recover under either § 2412(b) or § 2412(d). Since plaintiffs' petition is based on § 2412(d), however, the court will calculate fees on that basis.

Counsel have submitted affidavits with their petitions for fees which cover the time, effort and costs incurred in pursuing the case before this court.

■ The court has analyzed the petitions in light of *Blum v. Stenson,* — U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and of the factors discussed in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978), and *Anderson v. Morris,* 658 F.2d 246 (4th Cir.1981). Based on that analysis, the court will determine the fee to be awarded by making an initial estimate of a reasonable attorneys' fee, and then by making an adjustment in that estimate, if appropriate.

A. *Initial estimate of the various reasonable attorneys' fees.*

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."

*Blum v. Stenson,* — U.S. at ——, 104 S.Ct. at 1543. The "reasonable hourly rate" is to be determined by considering an appropriate market rate for comparable legal services in the community. A court should consider a number of factors, including special skill and expertise and quality of representation when finding a reasonable hourly rate. *Id.* at ——, 104 S.Ct. at 1548. This court will also consider the factors set forth in *Johnson v. Georgia Highway Express, supra,* which were cited with approval by the Fourth Circuit in *Barber v. Kimbrell's, Inc., supra,* and *Anderson v. Morris, supra,* in ascertaining the reasonable hourly rate applicable to the

services rendered in this case. The burden is on the fee applicant to produce satisfactory evidence, including affidavits, that the requested rates are consistent with prevailing rates in the community for similar legal services. *Blum v. Stenson,* —— U.S. at ——, fn. 11, 104 S.Ct. at 1547, fn. 11. Although the fee applicants in this case submitted motions, affidavits and supporting memoranda before the *Blum* decision was announced, and therefore based their applications on the procedure required by *Georgia Highway Express* and *Anderson v. Morris,* the information supplied is sufficient to inform and assist this court in the exercise of its discretion.

■ At the outset, the court [again] notes that the statutory basis for an attorneys' fee award in this case is 28 U.S.C. § 2412, also known as the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d)(2)(A), which applies to plaintiffs, states that:

> [A]ttorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

The court takes judicial notice of *Impro Products, Inc. v. Block,* 569 F.Supp. 1389 (D.D.C.1983) which considered the maximum rate allowable under the EAJA to be $83 per hour, based on an increase in the cost of living during 1981–82. The court in that case based its determination, at least in part, on *Price Index—All Urban Consumer,* U.S. Department of Labor, Bureau of Labor Statistics, Washington, D.C., April 22, 1983. Although personal experience makes this judge certain that the cost of living has risen further since publication of the *Price Index,* the court will not, without further evidence of that fact, increase the $83 per hour rate. Therefore, this court concludes that the maximum rate to be awarded to plaintiffs under the EAJA in this case, absent additional "special factors," is $83 per hour. An award to intervenor is not restricted by the limitations stated in § 2412(d)(2)(A). The court, however, in its discretion, will calculate intervenor's fee award based on the same considerations used to determine plaintiffs' fee award.

Francis Pinckney, long an able attorney in this area and currently the president of the Mecklenburg County Bar Association, has submitted an affidavit which sets forth what he considers to be the prevailing fees in this legal community. Pinckney states that a reasonable fee range for an attorney with three or more years of experience in federal litigation is $85 to $125 per hour. He further states that $60 per hour is a reasonable fee for a first-year associate with a year of experience clerking for a United States Court of Appeals Judge. Finally, he states that $25 to $35 per hour is a reasonable fee range for summer law clerks and for paralegals specializing in litigation.

Six of the attorneys to whom fees are due (Bishop, Bryan, Fillette, Harper, Hayes and Wester) have more than three years of experience in federal litigation. Absent the limitations of the EAJA, therefore, each would be due a fee computed at more than $85 per hour.

A number of other factors support the application of an hourly rate at or near the higher end of the fee ranges articulated by Pinckney.

1. *The special skill and experience of counsel.*—Each of the six attorneys named above displayed great skill in this case. Although the length of experience of this group varies from four years to fourteen, those lawyers with the least amount of time practicing "the trade," attorneys Hayes and Harper, have developed substantial expertise in the field which was the subject matter of this lawsuit. Attorney Spence, although not as experienced as the other attorneys, also displayed commendable skill in his work in drafting documents presented to the court.

2. *The quality of representation.* —Counsel did an excellent job of representing the plaintiffs and the intervenor.

3. *The results obtained in this suit.* —Plaintiffs and the intervenor achieved substantially everything they sought in pursuing this litigation. The order of this court will affect favorably thousands of disabled people in a significant way. Furthermore, the prospective effect of this court's order will serve to prevent untold hardship from afflicting countless other disabled people.

4. *The novelty and difficulty of the questions raised, and the skill performed in rendering legal services.*—Although the legal questions were clear, the defendant was intransigent throughout the course of the case. Counsel for plaintiffs and intervenor displayed great skill in presenting their positions and in refuting the contentions of defendant.

5. *Loss of other income on account of this case.*—A number of the attorneys and staff who worked on this case have never expected to be compensated. Those people, members of the law firm of Fleming, Robinson, Bradshaw & Hinson, P.A., offered their services to plaintiffs as part of the Volunteer Lawyers Program (VLP) of the Mecklenburg County Bar and of Legal Services of Southern Piedmont, Inc. The Volunteer Lawyers Program, from its inception, has had a policy that participating *pro bono* attorneys should seek the award of fees where appropriate in VLP cases, but that any fees awarded by a court should accrue directly to the VLP for utilization by the Program for further provision of free legal services to eligible residents of Mecklenburg County. The court concludes, therefore, that this factor should have no effect on the award.

6. *Time limitations imposed by the client or the circumstances.*—The circumstances of this case put a premium on fast action by counsel in seeking a court order stopping the defendant from failing to follow the law. The amount of benefits awarded or not awarded to each individual plaintiff may be small in the abstract, but the effects of withholding those payments from the plaintiffs are immediate and substantial. To the extent that this court's order prevents any future denial or cessation of deserved benefits, quick action by counsel afforded the plaintiffs greater relief than plaintiffs might otherwise have obtained.

7. *Reputation and ability of counsel.* —These characteristics of counsel were, and continue to be, excellent.

8. *The undesirability of the case within the legal community.*—This factor should have no effect on the award.

9. *Nature and length of the professional relationship.*—This factor does not affect the award.

All of the above factors would support a determination that the applicable hourly rate for attorneys Bryan and Wester should be at or near $125 per hour. The EAJA limits the rate, *prima facie*, however, to $83 per hour.

Attorney Spence's hourly rate is hereby determined to be $60 per hour. The rate for Bryan and Wester is hereby determined to be $83 per hour.

■ Attorneys Bishop, Fillette, Harper and Hayes, like Bryan and Wester, nothing else appearing, would also be entitled to charge $125 per hour. In addition, they are particularly experienced in litigation under the Social Security Act, and lawyers with their level of such expertise are not readily available. This "special factor," which is recognized in 28 U.S.C. § 2412(d)(2)(A), justifies a higher hourly rate than otherwise allowed under the EAJA. *See Hoopa Valley Tribe v. Watt,* 569 F.Supp. 943 (N.D.Cal.1983). The court therefore determines that Fillette and Hayes should be compensated at a rate of $95 per hour, and that Bishop and Harper should be compensated at the rate of $90 per hour.

The services of paralegal Vorhoff and law students Foster, Cassada, and Loeb should be compensated at the rate of $25 per hour.

10. *The time and labor expended.* —The affidavits submitted demonstrate

that the following hours were spent on this case:

| Attorneys | Hours |
| --- | --- |
| Bishop | 117.40 |
| Bryan | 221.80 |
| Fillette | 25.00 |
| Harper | 258.00 |
| Hayes | 64.25 |
| Spence | 310.00 |
| Wester | 148.90 |

| Law Students | |
| --- | --- |
| Cassada | 107.30 |
| Foster | 63.50 |
| Loeb | 128.70 |

| Paralegal | |
| --- | --- |
| Vorhoff | 45.30 |

Based on all of the above factors, the court's initial estimate of a reasonable attorneys' fee for plaintiffs, which includes an award for law clerks and paralegal, is $89,728.85. The court's initial estimate of a reasonable attorney's fee for intervenor is $10,566.00.

B. *The suitability of an upward adjustment in the fee award.*

This case is a prime example of a situation in which a substantially enhanced award is justified. Although the "results obtained" in a suit

   *normally* should not provide an independent basis for increasing the fee award

   \*   \*   \*   \*   \*   \*

in some cases of exceptional success an enhancement award may be justified. *Blum,* — U.S. at —, 104 S.Ct. at 1549–50 (emphasis added). *See also Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

The contingent nature of the fee award also justifies an upward adjustment of the fee award, at least as to the plaintiffs' attorneys. *Cf. Blum v. Stenson,* — U.S. at —, 104 S.Ct. at 1549. *See also* — U.S. at —, 104 S.Ct. at 1550 (Brennan and Marshall, JJ., concurring). The plaintiffs' attorneys served their clients without hope of any payment unless they prevailed

in the lawsuit. The unusual circumstances of this case make the contingent fee arrangement especially significant.

Despite the fact that this case is one in which an enhanced award is particularly appropriate, the limitations of the EAJA prevent such an upward adjustment of the fee. None of the parties have submitted any authority in support of the assertion that a court may enhance the award to the extent that the hourly rate limitations would be exceeded.

Taking all of the above factors into consideration, the court is of the opinion that a fee of $89,728.85 for plaintiffs' counsel, and a fee of $10,566.00 for intervenor's counsel, are reasonable, and should be paid.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the reasonable value of the services rendered by plaintiffs' counsel which are properly taxable under the Equal Access to Justice Act is $89,728.85.

2. That the sum of $89,728.85 shall be paid to Legal Services of Southern Piedmont, Inc. by the United States as counsel's full and only fee for representing plaintiffs in this civil action to this date.

3. That defendant shall also pay to Legal Services of Southern Piedmont, Inc. the plaintiffs' expenses and costs of $2,056.26.

4. That the reasonable value of the services rendered by intervenor's counsel which are properly taxable under the Equal Access to Justice Act is $10,566.00.

5. That the sum of $10,566.00 shall be paid to Attorney Jeffrey Bishop as his full and only fee for representing intervenor in this civil action to this date.

6. That defendant shall also pay to intervenor's attorney the intervenor's expenses and costs of $315.49.