785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONNIE HAMRIC, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5236
 United States Court of Appeals, Sixth Circuit.
 1/2/86
 
 BEFORE: MILBURN and GUY, Circuit Judges; and WOODS, District Judge*.
 PER CURIAM.
 
 
 1
 In this appeal from the order of the district court granting attorney fees under the Equal Access to Justice Act ('the EAJA'), 28 U.S.C. Sec. 2412, plaintiff argues that the court erred in declining to find that 'special factors' existed to justify a higher hourly rate than the statutory maximum of $75.00, augmented by a cost of living factor. For the reasons that follow, we affirm.
 
 I.
 
 2
 As an initial matter, we note that the Secretary does not appeal the district court's holding that the Secretary's position in the underlying litigation was not substantially justified and that attorney fees are therefore appropriate. Thus, the only issue is whether the court erred in determining the amount of the award. The statute provides:
 
 
 3
 The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.
 
 
 4
 28 U.S.C. Sec. 2412(d)(2)(A).
 
 
 5
 The district court adopted the Magistrate's Report and Recommendation which rejected plaintiff's arguments that 'special factors' (other than the cost of living) justified a higher than $75 per hour rate. Plaintiff's primary argument is that the district court erred in refusing to find that a higher hourly rate was justified because of the limited availability of attorneys in the Memphis area qualified in the representation of Social Security claimants. The EAJA specifically provides this as a factor to be considered. The magistrate found:
 
 
 6
 The evidence establishes that there are not a large number of lawyers in the Memphis area who are willing to handle social security cases and who are competent to handle them. The evidence, however, establishes that there are quite a few.
 
 
 7
 While this finding could perhaps be more precisely stated, it is clear from the magistrate's ultimate refusal to recommend a higher rate that he concluded that there was not a 'limited availability' of attorneys such as to justify a higher rate. We are unable to conclude that the magistrate erred in this regard.
 
 
 8
 Although the Secretary put forth no direct evidence, counsel established on cross-examination that Mr. Donatti, plaintiff's witness, conducted a seminar on Social Security law attended by some sixty attorneys and that approximately 20% of those attorneys subsequently contacted Mr. Donatti for follow-up questions. This testimony supports a finding that there are in fact an adequate number of attorneys in the Memphis area willing and competent to represent Social Security claimants. Furthermore, this testimony rebutted plaintiff's evidence that there are only six to ten such attorneys. On this record, we believe that the district court should be affirmed.
 
 
 9
 Plaintiff next argues that the evidence shows that Social Security is a specialized area of the law requiring a great deal of study. However, the Supreme Court has stated that '[t]he novelty and complexity of the issues presumably were fully reflected in the number of billable hours recorded by counsel and thus do not warrant an upward adjustment . . ..' Blum v. Stenson, 104 S. Ct. 1541, 1548-49 (1984). We find this statement, made in the context of 42 U.S.C. Sec. 1988, to be fully applicable to the EAJA.
 
 
 10
 Plaintiff further argues that the evidence shows that the customary hourly rates for attorneys, such as his, with fifteen years of experience handling Social Security cases from 1980 to 1984, range from $100 to $200. However, Congress has expressed clearly its intention that prevailing market rates are relevant only up to $75 per hour. Therefore, customary rates above $75 per hour cannot support a claim in excess of the statutory maximum rate. See Action on Smoking and Health v. C.A.B., 724 F.2d 211, 216-17 (D.C. Cir. 1984) ('In enacting this fee limitation, Congress attempted to provide full market compensation for successful litigants while, at the same time, containing costs.'); Hyatt v. Heckler, 586 F. Supp. 1154, 1158 (W.D.N.C. 1984), vacated on other grounds, 757 F.2d 1455 (4th Cir. 1985).
 
 
 11
 Plaintiff's final argument is that the evidence demonstrates that Social Security practice has unique problems and is one of the least attractive areas for trial lawyers. Although this evidence may be probative as to plaintiff's assertion that there are few available attorneys and is therefore relevant to plaintiff's first argument, we do not believe it provides an independent justification for an award of a higher hourly rate. See Hyatt v. Heckler, supra, 586 F. Supp. at 1158.
 
 II.
 
 12
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, Judge, United States District Court for the Eastern District of Michigan, sitting by designation