In re Ronald Earl WIENCEK, Debtor.

Michael J. MORRISSEY, Plaintiff,

v.

Ronald Earl WIENCEK, Defendant.

Bankruptcy No. 82–00508–A.
Adv. No. 82–0242–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

March 12, 1986.

David G. Racer, Oakton, Va., for debtor.

Roy B. Zimmerman, Alexandria, Va., for plaintiff.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The issue for determination here arises on the plaintiff's objection to the debtor's application for attorney's fees and costs pursuant to section 523(d) of the Bankruptcy Reform Act of 1978 ("the Code").[1] *See* 11 U.S.C. § 523(d) (amended 1984).

After debtor Ronald Earl Wiencek received a Chapter 7 discharge, plaintiff Michael J. Morrissey, an attorney, initiated an adversary proceeding alleging that the debt owed him by Wiencek was not dischargeable under section 523(a)(2)(A) and/or (B). Morriseey alleged in his section 523(a)(2)(A) claim that Wiencek falsely promised to pay for Morrissey's legal services from an anticipated fund to be received in settlement of a personal injury claim. Finding, from the exhibits and from Morrissey's trial testimony, that Wiencek signed a document assenting to an assignment of funds and also would have endorsed the assignment itself had Morrissey prepared it, this Court found the section 523(a)(2)(A) claim to be meritless.

The Court dismissed the plaintiff's section 523(a)(2)(B) claim, finding that the documents offered by the plaintiff (but not admitted into evidence by the Court) were not statements of financial condition as contemplated by the section. Further, in consideration of its earlier finding that Wiencek would have signed an assignment of funds, the Court declined to hold that the debtor had an intent to deceive.

On May 3, 1983, the Court heard argument on and granted debtor's motion for fees as authorized by section 523(d). Noting the directive of the section, and finding that no clear inequity precluded an award adverse to the creditor, the court awarded costs and attorney's fees to the debtor.

Morrissey appealed both the trial decision and the fee award to the United States District Court for the Eastern District of Virginia. The District Court affirmed the Bankruptcy Court's trial findings, but vacated the fee award, remanding the matter to this Court for findings of fact pursuant to *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). The District Court denied Morrissey's subsequent petition for reconsideration of the case.

Morrissey further appealed the lower court decisions to the United States Court of Appeals for the Fourth Circuit. On July 6, 1984, the Fourth Circuit declined to hear oral argument and, in conformity with the court's ruling that the plaintiff's position on the nondischargeability matters lacked merit, issued a *per curiam* opinion affirming the decision of the District Court. Because the District Court remanded the fee award for further findings in the Bankruptcy Court, there was no final order awarding fees ripe for the Fourth Circuit's consideration.

Subsequently, this Court heard argument on the issue of costs and fees which had been remanded. The debtor, in his motion filed January 17, 1985, included costs and

---

**1.** Congress has since modified section 523(d). *See* 11 U.S.C. § 523(d) (1984). All references in this opinion to section 523(d) refer to the version of that section codified in the Bankruptcy

Reform Act of 1978 and in force at the time plaintiff Morrissey instituted his complaint of nondischargeability.

fees arising from the several appeals; Morrissey duly entered his objection. This Court taxed against the plaintiff costs and fees for the March 3, 1983 dischargeability proceeding, making a finding of reasonableness pursuant to the criteria set out by the Fourth Circuit in *Barber, supra,* and modified in *Anderson v. Morris,* 658 F.2d 246, 249 (4th Cir.1981), but reserved for later decision the matter of fees and costs incurred in defense of plaintiff's appeals.[2]

■ Courts have the inherent equitable power to award attorney's fees, unless forbidden by statute to do so. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). In general, absent an authorizing statute or an agreement providing for a fee award, courts adhere to the "American Rule" and decline to award fees unless "the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" 421 U.S. at 258, 95 S.Ct. at 1622 (citing *F.D. Rich Co., Inc. v. U.S., Industrial Lumber Co., Inc.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1973)).

The threshold issue before the Court is whether Bankruptcy Code section 523(d) endows this Court with authority to award fees charged for appellate representation. The essence of the dispute is the meaning given the statutory language of section 523(d):

> (d) if a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, *the proceeding* to determine dischargeability, unless such granting of judgment would be clearly inequitable (emphasis added).[3]

Plaintiff Morrissey urges a restrictive interpretation of the statutory phrase at issue, arguing that this Court's power to award fees is limited to the initial dischargeability proceeding. In Morrissey's view, appeals of the Bankruptcy Court's disposition of the case are governed by the American Rule disfavoring fee awards and the Federal Rules of Appellate Procedure, neither of which support the debtor's request. Even if the debtor can recover fees under section 523(d) for appellate representation, Morrissey argues, he must petition the appellate court for an award.

A more expansive interpretation of the statutory language at issue underlies debtor Wiencek's fee application. In Wiencek's view, section 523(a) confers upon the Court the power to grant attorney's fees for representation during the entire course of a dischargeability dispute. Initial support for the debtor's position rests in the policy consideration which led Congress to include section 523(d) in the Code. The often-quoted purpose of section 523(d) is

> to discourage creditors from initiating proceedings to obtain a false financial statement exception to discharge in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees.

S.Rep. No. 989, 95th Cong., 2d Sess. 80, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5866.

A creditor's abuse of the false financial statement exception to discharge, addressed by Congress in section 523(d), can, of course, continue beyond the Bankruptcy Court's initial disposition of the case. Pursuit of a claim through the appeals process is nearly as potent a financial threat as the initial filing and trying of the claim. Although it may be argued that the pressure on a debtor to settle the creditor's claim

**2.** Although this Court directed that each party brief the issue taken under advisement, the debtor did not submit a brief. Because resolution of the issues presented entails an interpretation of the Code, the Court *sua sponte* raises the arguments which underlie the debtor's request for appellate fees.

**3.** The current version of section 523(d) retains the emphasized language, but does not include the phrase "to determine dischargeability" which immediately follows the emphasized language in the 1978 version. *See* 11 U.S.C. § 523(d) (1984).

eases once the debtor has received a favorable ruling in the Bankruptcy Court, an examination of the fees on this appeal urges a different conclusion. Debtor's counsel has certified that his fees on appeal total $2,065.00. His original request for fees for trial preparation was in the amount of $2,085.00.

The debtor contends that the policy considerations set forth by Congress must inform this Court's interpretation of section 523(d). Accordingly, the debtor urges that the Court construe the section to mandate awards of fees for appellate representation.

The point of departure for any judicial interpretation of statutory language must be the plain meaning of the words employed by the legislature. *See Mills Music, Inc. v. Snyder,* 469 U.S. 153, 105 S.Ct. 638, 645, 83 L.Ed.2d 556, *reh'g denied,* —— U.S. ——, 105 S.Ct. 1782, 84 L.Ed.2d 841 (1985) (the adjudicating authority must initially assume that the ordinary meaning of the language expresses the legislative purpose). Because the statutory phrase presently at issue is susceptible of differing interpretations, the Court must examine the general statutory scheme and the legislative history of section 523 in order to determine the meaning intended by Congress.

 It is axiomatic that the general purpose of bankruptcy legislation is to rehabilitate the bankrupt debtor by discharging his debts and affording him a fresh financial start. Accordingly, courts must resolve any ambiguity in the Bankruptcy Code in favor of the debtor. *See Wright v. Union Central Life Insurance Co.,* 311 U.S. 273, 279, 61 S.Ct. 196, 200, 85 L.Ed. 180 (1940). Exceptions to the fresh start policy, including the exceptions to discharge codified in section 523, are to be strictly construed against the objecting creditor. *See In re Vickers,* 577 F.2d 683, 687 (10th Cir.1978) (and cases cited therein construing section 17 of the Bankruptcy Act of 1898).

 Accordingly, it is consistent with the remedial purpose of the Code to adopt the debtor's construction of section 523(d). Relief from fees for appellate representation is as significant an element of a debtor's fresh start as is relief from the initial costs of defense. Thus, absent an overriding expression of Congressional intent, the policy of the Bankruptcy Code demands that this Court read section 523(d) as mandating an award of fees for appellate representation.

Clearly, Congress intended that section 523 prevent the dishonest debtor from escaping liability for his debts. However, Congress also fashioned subsection (d) to discourage creditors from creating, via boilerplate covenants in financial statements, a virtual automatic action to except debts from discharge under section 523.

It is a frequent practice for consumer finance companies to take a list from each loan applicant of other loans or debts that the applicant has outstanding. While the consumer finance companies use these statements in evaluating the credit risk, very often the statements are used as a basis for a false financial statement exception to discharge. The forms that the applicant fills out often have too little space for a complete list of debts. Frequently, a loan applicant is instructed by a loan officer to list only a few or only the most important of his debts. Then, at the bottom of the form, the phrase "I have no other debts" is either printed on the form, or the applicant is instructed to write the phrase in his own handwriting. In addition, the form states that the creditor has relied on the statement in granting the loan.

However, the creditor often has other sources of information, such as credit bureau reports, to verify the accuracy of the list of debts. Nevertheless, if the debtor files bankruptcy, creditors with these financial statements are in a position to threaten the debtor with litigation to determine the dischargeability of the debt, based on the false financial statement exception to discharge. Most often, there has been no intent to deceive

on the part of the debtor, and, as in so many aspects of the creditor-debtor relationship, the debtor has simply followed the creditor's instructions with little understanding of the consequences of his action.

H.Rep. No. 595, 95th Cong., 2d Sess. 130, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 6091.

Congress counterbalanced creditors' self-styled advantage by mandating a fee award to a prevailing debtor, even if the creditor's claim was brought in good faith. *See In re Schlickmann,* 7 B.R. 139, 141 (Bankr.D.Mass.1980). Congress thus intended section 523(d) to ensure that debtors who have dealt honestly with creditors receive the fresh start that is at the heart of the Bankruptcy Code.[4]

The reading of section 523(d) urged by plaintiff Morrissey is plainly at odds with Congress' intention that honest debtors be relieved of the burden of legal fees. Morrissey's reading leaves the initially unsuccessful creditor free to press his claim on appeal as a strategy to force settlement, for it eliminates the statutory disincentive of additional adverse fee awards. This construction does significant violence to the remedial purpose of the Code, for it renders section 523(d) incapable of preventing the harm with which Congress was concerned.

*Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978) provides support by analogy for Wiencek's reading

of section 523(d). In *Barber,* the plaintiff requested that the trial court award her attorney's fees pursuant to section 1640(a)(3)[5] of the Truth in Lending Act, which resembles in its pertinent characteristics section 523(d). *See* 15 U.S.C. § 1640(a)(3) (amended 1980). The District Court obliged. 577 F.2d at 220.

On appeal, the Fourth Circuit vacated and remanded the fee award, directing the District Court to consider and make findings of fact regarding twelve factors the Fourth Circuit found relevant to the determination of a reasonable attorney's fee. *Id.* at 226. The *Barber* case was thus on a procedural footing identical to the case before this Court. The *Barber* court noted:

In making a new award, the district court should compensate counsel for their services in this appeal and for further proceedings in the district court.

577 F.2d 226–227.

Because it cited neither another statutory provision, its own equitable powers, nor the defendant's conduct as justification for its award of appellate fees, the inescapable conclusion is that the *Barber* court relied upon section 1640(a)(3), which authorized the initial award of the trial court. Although the Fourth Circuit did not specifically hold that section 1640(a)(3) contemplated an award for fees on appeal, it presumably read the statutory language as amenable to such an award.

Section 1640(a)(3) of the Truth in Lending Act and section 523(d) of the Bankruptcy Code refer in a similar fashion to the

**4.** Congress' determination to fully protect the debtor is obvious in the following excerpt from the legislative history of the 1978 version of section 523(d):

The costs-attorney's fees provision is mandatory. If the provision were made permissive instead of mandatory, with discretion in the court to award such amounts as were proper in each particular case, the debtor would once again be subject to the risk of paying attorney's fees and losing a day's work without pay. The balance would again shift back toward the creditor, and would put pressure on the debtor to settle. Making the provision discretionary would seriously weaken the protection it provides.

H.Rep. No. 595, 95th Cong., 2d Sess. 130, *reprinted in* 1977 U.S.Code Cong. & Ad.News 5787, 6092.

**5.** The version of section 1640 then in force read:

(a) Except as otherwise provided, any creditor who fails to comply with any requirement imposed by this part ... is liable to such person in an amount equal to the sum of

... (3) in the case of any successful action to enforce the foregoing liability, the costs of *the action,* together with a reasonable attorney's fee as determined by the court (emphasis added).

The amended version of section 1640 retains the emphasized language. *See* 15 U.S.C. § 1640(a)(3) (1980).

legal work for which the Court may award fees; section 1640 refers to "the action," while section 523(d) refers to "the proceeding." This Court, confronted with an issue of first impression, finds instructive the statutory interpretation adopted by the Fourth Circuit on the analogous facts presented in *Barber*. The Court therefore reads section 523(d) as authorizing an award of fees for appellate representation.

Morrissey argues that even if section 523(d) does contemplate an award of appellate fees, this Court is not the proper forum to hear debtor's fee application. As a matter of practicality, plaintiff first contends, this Court cannot determine a reasonable fee because it heard neither the plaintiff's appeal nor the debtor's defense. Thus, the debtor must petition the appellate court if he desires fees for appellate representation.

In *Barber*, however, the Fourth Circuit directed the District Court to determine a reasonable fee for plaintiff's attorney's appellate work. 577 F.2d at 226–227. Thus, although Morrissey correctly states the usual custom that a court award fees only for work rendered in proceedings before it, the Fourth Circuit acknowledged the ability of a trial court to make a competent evaluation of legal services rendered on appeal. Particularly when, as in *Barber* and in the case *sub judice*, the appellate court remands the initial fee award for further findings, it seems merely a measure of judicial economy to consolidate the reconsideration of trial fees with the evaluation of appellate fees. Although it may be the more desirable procedure for the appellate court to award fees for appellate services, it is difficult in light of *Barber* to view such a division of labor as essential.

Morrissey suggests that this Court is without authority to award appellate fees absent the explicit directive found in *Barber*. *See* 577 F.2d at 226–227 (quoted *supra*). This reading of the case assumes that the Fourth Circuit interpreted section 1640(a)(3) to permit an award of appellate fees by the appellate court, but, because of some unstated particular circumstances, re-

ferred the determination of the proper fee to the trial court. In the absence of an explicit directive, plaintiff argues, this Court must decline to award legal fees for appellate legal work.

Morrissey's argument finds support in the Federal Rules of Appellate Procedure. Rule 39 states, in part:

(a) ... if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

Fed.R.App.P. 39(a). Morrissey, however, reads much into the *Barber* court's simple directive. It seems likely that, if the Fourth Circuit considered its indication that the District Court should award appellate fees to be an extraordinary measure, the court would have provided some explanation for its action. Instead, the *Barber* court summarily directed the lower court to include appellate legal services in its new fee award. The more straightforward reading of the *Barber* directive permits a trial court to award fees for appellate services when fees are authorized by statute.

Further, plaintiff contends, the debtor's failure to follow the application procedure prescribed by Rule 39 defeats even an award authorized by statute. Subpart (d) of the Rule requires that a party requesting an award of costs file and serve an itemized and verified bill within fourteen days of the entry of judgment. Wiencek has far exceeded the statutory period, for the judgment of the District Court antedates plaintiff's fee application by some fourteen months, and the Fourth Circuit's refusal to hear plaintiff's appeal antedates the application by six months. *See Stern v. U.S. Gypsum, Inc.*, 560 F.2d 865, 866 (7th Cir.), *cert. denied*, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977) (bill of costs filed within 14 days of denial of petition for rehearing but 5 months after entry of judgment dismissed as untimely).

■ In view of the Court's earlier finding that section 523(d) permits an award for appellate representation upon an appropriate application to the Bankruptcy Court, Rule 39 is inapplicable. The debtor's fee application is not a request for costs occa-

sioned as a matter of course by the taking up of an appeal. *See* 28 U.S.C. § 1920 (1978) (statutory authority for taxing of costs enumerates costs that may be taxed: clerk's and marshal's fees, court reporter's fees, printing and witness fees, copying fees, docket fees under section 1923, compensation for court-appointed experts). Rather, the debtor requests an award of legal fees to which he has a right under section 523(d) of the Bankruptcy Code. The procedure to which the debtor must adhere is not, therefore, that codified in the Federal Rules of Appellate Procedure but that dictated by the Bankruptcy Rules.

■ Because the Rules do not prescribe the time during which a debtor must submit a section 523(d) fee application, the debtor must petition the Court within a reasonable time of the conclusion of the section 523 nondischargeability claim. Although the fee application in the case at bar was long overdue, responsibility for the delay does not rest entirely with the debtor. After the course of appeals was settled, this Court, due to a clerical error in the Office of the Court Clerk, failed to promptly docket the hearing required by the District Court's order of remand. It was reasonable for the debtor to assume that the Court would hear his application for appellate fees at the hearing on the remanded trial fee award; when no hearing was scheduled by the Court the debtor filed a new application for both trial and appellate legal fees. In these circumstances, it would be inequitable to bar the debtor's statutorily mandated recovery for an untimely application.

Having ruled that section 523(d) authorizes this Court to award to the debtor fees incurred for representation on appeal, the Court must now determine a reasonable fee for the services performed by counsel. In *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir.1981), the Fourth Circuit prescribed the manner in which lower courts should apply the twelve factor reasonableness analysis set forth in *Barber v. Kimbrell's, supra.* The *Anderson* court instructed that a trial court first examine an itemized statement of hours worked and arrive at a number of hours reasonably expended. 658 F.2d at 249. The court should then multiply the hourly figure by the customary hourly rate. *Id.* The court then should modify this initial amount as dictated by the court's consideration of the remaining *Barber* factors. *Id.*

■ After examining the itemized statement submitted by counsel, the Court finds unreasonable some of the hours included thereon. Under the mandate of section 523(d), the Court may only award the debtor fees incurred in defense of a creditor's action under section 523(a)(2). The Court may not tax against the creditor fees charged by the debtor's counsel for preparation of the fee application, nor for time spent arguing the motion before this Court. Further, the Court will not award fees for time spent negotiating a settlement of this disputed fee award. After excluding time spent in pursuit of fees, there remain seventeen (17) hours expended in defending Morrissey's section 523(a)(2) appeals. Because this Court, by custom, does not find reasonable the practice of charging an attorney's hourly rate for time spent in local transit, one additional hour is disallowed.

■ Sixteen (16) hours, billed at counsel's hourly rate of Seventy-Five Dollars ($75.00), amounts to One Thousand Two Hundred Dollars ($1,200.00). Because the Court, in consideration of the remaining factors outlined in *Barber*, finds no other adjustments necessary, the Court awards the debtor attorney's fees in the amount of One Thousand Two Hundred Dollars ($1,200.00).