Clara ALEXANDER; Carmen Nelson; Etter Hilton and Sarah Williams, individually and on behalf of all others similarly situated; and Henry J. Conner, Plaintiffs,

v.

Renee HILL, Director, Division of Social Services, North Carolina State Department of Human Resources; James F. Richardson, Mecklenburg County Board of Social Services; and Edwin H. Chapin, Director, Mecklenburg County Department of Social Services, Defendants.

No. C–C–74–183–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 17, 1983.

Reita P. Pendry, Lark Hayes and Pam Silberman, Legal Services of Southern Piedmont, Inc., Charlotte, N.C., for plaintiffs.

Steven M. Shaber, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N.C., William H. McNair and Marvin A. Bethune, Ruff, Bond, Cobb, Wade & McNair, Charlotte, N.C., and William Woodward Webb, Broughton, Wilkins & Webb, P.A., Raleigh, N.C., for defendants.

## ORDER

McMILLAN, District Judge.

Plaintiffs brought this action under 42 U.S.C. § 1983 to secure compliance by defendants with the federal time limits for processing Aid to Families with Dependent Children (AFDC) and Medicaid applications. This court entered several orders directing defendants to comply with federal law. Thereafter plaintiffs, alleging that defendants still were not processing applications in a timely fashion, moved for further relief.

On November 4, 1982, the court granted further relief consisting in part of an order that defendants pay to each successful AFDC or Medicaid applicant a remedial fine of fifty dollars for each week that his or her application is delayed without "good cause" beyond the federal time limits. On January 6, 1983, defendants appealed this order. Both this court and the Court of Appeals denied defendants' request for a

stay pending appeal; however, in denying the request for a stay, the Fourth Circuit ordered an expedited briefing and hearing schedule. On May 6, 1983, the Fourth Circuit issued an order affirming this court's order in all respects.

On January 6, 1983, this court awarded plaintiffs attorneys' fees in the amount of $29,818.75 for work done in obtaining the November 4, 1982 order. [Plaintiffs did not seek an award of fees for any of the work done by their attorneys in the eight and a half years that this case was pending prior to the November order.] Plaintiffs now seek a supplemental award of fees for work done by their counsel in connection with defendants' appeal.

■ In awarding attorneys' fees, this court is required to consider the twelve guidelines originally set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), adopted by the Fourth Circuit Court of Appeals in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978), and cited with approval by the Supreme Court in the recent case of *Hensley v. Eckerhart*, —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In *Anderson v. Morris*, 658 F.2d 246 (4th Cir.1981), the Court of Appeals refined the manner in which the *Georgia Highway Express* guidelines are to be applied in this circuit. A base amount for the fee award is to be determined by multiplying the number of hours reasonably expended on the case by the customary hourly rate of compensation (guidelines one and five). This amount is then adjusted up or down by the court on the basis of the other *Georgia Highway Express* factors.

■ Following that practice, I make findings as follows:

1. *Time and labor expended.*—The affidavits of plaintiffs' counsel demonstrate, and the court finds, that counsel spent a total of 243.25 hours in connection with the appeal. Defendants have not objected to the number of hours claimed by plaintiffs' counsel and the court finds that the number of hours claimed is reasonable in light of the work performed.

5. *Customary fee for like work.*—Plaintiffs request fees of $90.00 per hour for the time of Senior Staff Attorney Theodore O. Fillette, III, and $60.00 per hour for the time of Staff Attorney Pam Silberman. These rates are well within the range charged by attorneys in this area with similar reputation and experience.

The court thus determines that the base fee, before adjustment, should be determined as follows:

| | | | | |
|---|---|---|---|---|
| Theodore O. Fillette, III – | 110.50 hours | x $90 | = | $ 9,945.00 |
| Pam Silberman | 132.75 hours | x $60 | = | 7,965.00 |
| | | Total: | | $17,910.00 |

In accord with *Anderson v. Morris, supra,* this court is expected to consider adjustment in light of the remaining *Georgia Highway Express* guidelines.

2. *The novelty and difficulty of the questions raised.*—No particularly unusual or difficult issue was presented on appeal. This factor does not justify an upward adjustment in the award.

3. *The skill required.*—A normal degree of skill and knowledge of fact and law was required to present plaintiffs' position on appeal. This factor does not call for an adjustment.

4. *The preclusion of other employment by the attorneys because they handled this case.*—This factor does not call for any adjustment.

6. *Whether the fee is fixed or contingent.*—This factor does not require any adjustment.

7. *Time limitations imposed by the client or circumstances.*—Because of the expedited briefing schedule set by the Fourth Circuit, plaintiffs' counsel had approximately one quarter the customary time in which to prepare their brief and oral argument. Nevertheless, they presented their side of the case to the Court of Appeals with sufficient skill to acquaint the Court fully with the facts of the case and with plaintiffs' position and to persuade the Court to affirm this court's order in all particulars. This calls for an upward adjustment of the fee award.

8. *The amount involved and the results obtained.*—As already discussed, plaintiffs prevailed on all issues on appeal. Assuming, as I do, that the order will be obeyed, it appears that North Carolina applicants for AFDC and Medicaid can now get their applications processed in accordance with federal law. This factor supports a substantial upward adjustment in the fee award. *See Hensley v. Eckerhart, supra,* —— U.S. at ——, 103 S.Ct. at 1940.

9. *Experience, reputation and ability of the attorneys.*—As noted by the court in its previous fee award in this case, plaintiffs' attorneys are experienced in the public benefits area; their reputation is excellent and commensurate with their ability. This factor supports an upward adjustment of the award.

10. *The undesirability of the case.*—This case has continued to require considerable investments of time and energy and expense that few private practitioners are willing or able to invest. This factor will support some upward adjustment of the fee award.

11. *The nature and length of the professional relationship with the client.*—This factor does not affect the award.

12. *Awards in similar cases.*—The award made here is within the range of fees awarded in similar cases. *See, e.g., Spagnuolo v. Whirlpool Corp.,* 550 F.Supp. 432 (W.D.N.C.1982) (45% bonus for the quality of representation, results obtained, and undesirability of the case); *Stenson v. Blum,* 512 F.Supp. 680, 685 (S.D.N.Y.1981), *aff'd,* 671 F.2d 493 (2d Cir.1982) (50% bonus for the quality of representation, novelty of the issues and results obtained in case involving Medicaid benefits).

The combined effect of factors 7, 8, 9 and 10 justifies an upward adjustment of $9,000.00 in attorneys' fees. In making this adjustment in the award, the court has considered the two recent cases that defendants asked the court to take into account. In *Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983), the court held that fee awards may be enhanced only where a "genius factor" is present; that such "gen-

ius factor" diminishes and eventually disappears as the number of hours expended on the case increase; and that a "genius bonus" should not duplicate the skill reflected in the attorney's billing rate.

This holding is inconsistent with the practice of a great many courts in this country. *See, e.g., Graves v. Barnes,* 700 F.2d 220 (5th Cir.1983) (affirming multiplier of 2.0); *In re Chicken Antitrust Litigation,* 560 F.Supp. 963, 989–997 (N.D.Ga.1980) (multiplier of 1.75 to 2.25); *Stanwood v. Green,* 559 F.Supp. 196 (D.Ore.1983) (rates up to $115 per hour with multiplier of 1.75); *White v. Richmond,* 559 F.Supp. 127 (N.D. Cal.1982) (1.5 multiplier); *Ruiz v. Estelle,* 553 F.Supp. 567 (S.D.Tex.1982) (fees at $75 to $150 per hour with 2.0 multiplier; total fees allowed were $1,662,683.00); *Tasby v. Wright,* 550 F.Supp. 262 (N.D.Tex.1982) (increase of 30% to 50% above rates allowed); *Rajender v. University of Minnesota,* 546 F.Supp. 158 (D.Minn.1982) (treble fees based on hourly rates of $125 and $80 allowed against the University of Minnesota for violations of Title VII and pertinent federal statutes; total fees allowed were $1,842,037.40); *Bagel Inn, Inc. v. All Star Dairies,* 539 F.Supp. 107 (D.N.J.1982) (fees at $85 to $175 per hour with 2.1 multiplier); *Vulcan Society of Westchester County, Inc. v. Fire Dept.,* 533 F.Supp. 1054 (S.D.N.Y. 1982) (1.5 multiplier); *Criswell v. Western Airlines,* 29 FEP Cases 363 (C.D.Cal.1981) (fees at $85 to $112 per hour with 1.5 multiplier).

The court in *Ramos* referred to dictum in *Hensley v. Eckerhart, supra,* to the effect that fees may be enhanced in some cases of exceptional success, —— U.S. at ——, 103 S.Ct. at 1940. There is no suggestion in *Hensley* that the Supreme Court disapproves of the *Georgia Highway Express* method as presently understood and applied. To the contrary, the court approved of the practice of adjusting fee awards upward or downward based on the *Georgia Highway Express* factors. *Id.* & n. 9. Moreover, plaintiffs' counsel's success in this case has certainly been "exceptional" in the commonly understood sense of that word.

Defendants also cite *New York State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir.1983), in which the court stated that bonuses awarded to nonprofit law offices, when awarded at all, should not exceed a modest percentage of the lodestar amount and should not include any increment for the uncertain risk of achieving success in the litigation. The additional fee herein awarded is not based on the risk of the litigation and does not exceed a modest percentage of the lodestar amount. (As the cases cited above indicate, bonuses of 100% to 200% of the lodestar amount have frequently been awarded.) [The Second Circuit's suggestion of a cap on awards to nonprofit law offices appears to be inconsistent with the widely recognized principle that fee awards should in no way be affected by the fact that counsel are legal services or other public interest lawyers. *See Alexander v. Hill*, 553 F.Supp. 1263, 1265 (W.D.N.C.1983) (and cases cited therein).]

In addition to fees, plaintiffs are entitled to recover costs and expenses in the amount of $352.53.

IT IS THEREFORE ORDERED that defendants pay to counsel for plaintiffs the sum of $27,262.53.