Clara **ALEXANDER**; Carmen Nelson; Etter Hilton and Sarah Williams, individually and on behalf of all others similarly situated; and Henry J. Conner, Plaintiffs,

v.

Renee **HILL**, Director, Division of Social Services, North Carolina State Department of Human Resources; James F. Richardson, Mecklenburg County Board of Social Services; and Edwin H. Chapin, Director, Mecklenburg County Department of Social Services, Defendants.

No. C–C–74–183–M.

United States District Court, W.D. North Carolina, Charlotte Division.

Dec. 19, 1985.

See also, 553 F.Supp. 1261.

Theodore O. Fillette, III, Legal Services of Southern Piedmont, Charlotte, N.C., Pam Silberman, Legal Services Resource Center, Raleigh, N.C., for plaintiffs.

William Woodward Webb, Broughton, Wilkins, Webb & Gammon, P.A., Raleigh, N.C., for defendants.

## ORDER

McMILLAN, District Judge.

On August 23, 1974, plaintiffs brought this action under 42 U.S.C. § 1983 to secure defendants' compliance with federal time limits for processing Aid to Families with Dependent Children (AFDC) and Medicaid applications. Since that time, this court has issued a series of orders directing the defendants to comply with federal law. Since May, 1983, plaintiffs' attorneys have monitored defendants' performance under the previous court orders. This monitoring uncovered several deficiencies in defendants' performance which are addressed by this court's December 18, 1985, order. Plaintiffs now seek an award of attorneys' fees under 42 U.S.C. § 1988 for their monitoring efforts from May, 1983, to July, 1985. Their work in preparing and arguing their most recent motion for further relief will be the subject of a separate petition.

In awarding attorneys' fees, this court must consider the twelve guidelines set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978),

*cert. den.* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978) and refined in *Anderson v. Morris,* 658 F.2d 246 (4th Cir.1981). A base amount for the fee award is determined by multiplying the number of hours reasonably expended on the case by the customary hourly rate of compensation (*Johnson* guidelines 1 and 5). The amount is then adjusted up or down based on consideration of the other *Johnson* factors. This method of calculation and adjustment was approved in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

Following this procedure, the court makes the following findings and conclusions:

2. *Time and labor expended.*—Over a period of two years and three months, plaintiffs' counsel spent 669.5 hours. Their monitoring time breaks down as follows:

| | | |
|---|---|---|
| a. | Jean M. Carey | 28.25 |
| b. | Sarah A. Crowder | 105.25 |
| c. | Margaret DeVries | 52.25 |
| d. | Nancy Northcott | 7.50 |
| e. | Pam Silberman | 286.25 |
| f. | Curtis Venable | 19.75 |
| g. | Martha Walsh | 129.25 |
| h. | William Whalen | 8.25 |
| i. | Douglas Sea | 22.75 |
| j. | Theodore O. Fillette, III | 10.00 |
| | Total: | 669.50 |

Though the total number of hours seems high, it represents only 25 hours per month over the relevant period. During this time, plaintiffs' counsel reviewed thousands of documents and hundreds of files in ten counties across the state as well as Medicaid files at the Disability Determination Section in Raleigh. Lead counsel Pam Silberman also staffed the monitoring operation so as to make the most reasonable and efficient use of the different skills of the attorneys and paralegals involved. For example, enlisting the help of local Legal Services attorneys, Jean Cary of Moore County, Curtis Venable of Brunswick County and William Whalen of Madison County reduced Ms. Silberman's travel time and minimized the total number of hours expended, by capitalizing on local attorneys' familiarity with agency operations in their county. Ms. Silberman's use of paralegals, such as Martha Walsh and Margaret DeVries, also reduced the total number of attorney hours significantly. For example, employment of paralegal Walsh to assist in monitoring Brunswick, Forsyth, Madison, Nash and Wake Counties reduced attorney hours by 129.25 hours. Similarly, Ms. DeVries' work reviewing Medicaid applications at DDS saved 52.75 hours of attorney time. Overall efficiency was also enhanced by the use of people such as Ms. Cary, Ms. DeVries and Ms. Silberman who all had previous experience with this case, and by Ms. Silberman's able supervision.

Defendants' only objection to plaintiffs' petition suggests that more paralegals should have been used to review the documents and files. The court does not find the amount of monitoring work done by lawyers unnecessary or wasteful. The lawyers ably applied their familiarity with prior orders in this case and with regulatory requirements in this area of the law to detect both plain and subtle evasions of the terms and intent of applicable orders and rules. The lawyers' involvement also provided continuity, eliminated the need for the time-consuming training of new personnel and facilitated the formulation of proposed improvements in defendants' processing methods.

5. *Customary Fee for Like Work.*—The rates of compensation suggested by plaintiffs' counsel are:

| | | |
|---|---|---|
| a. | Jean M. Carey | $90/hr. |
| b. | Sarah A. Crowder | 60/hr. |
| c. | Margaret DeVries | 55/hr. |
| d. | Nancy Northcott | 60/hr. |
| e. | Pam Silberman | 85/hr. |
| f. | Curtis Venable | 60/hr. |
| g. | Martha Walsh | 25/hr. |
| h. | William Whalen | 85/hr. |
| i. | Douglas Sea | 85/hr. |
| j. | Theodore O. Fillette, III | 95/hr. |

The court finds these fees are reasonable at current market rates, as evidenced by comparison with this court's previous

awards to counsel in this case. *See Alexander v. Hill*, 553 F.Supp. 1263, 1267·(W.D. N.C.1983) (awards to Pam Silberman, Jean Cary and Margaret DeVries) and 570 F.Supp. 417, 418 (W.D.N.C.1983) (awards to Theodore Fillette and Pam Silberman).

The court therefore determines that the base fees, before adjustment, should be set as follows:

Attorneys:

| | Hours | Rate | Fees |
|---|---|---|---|
| Jean M. Cary | 28.25 | $90/hr. | $ 2,542.50 |
| Pam Silberman | 286.25 | 85/hr. | 24,331.25 |
| Curtis Venable | 19.75 | 60/hr. | 1,185.00 |
| William Whalen | 8.25 | 85/hr. | 701.25 |
| Douglas Sea | 22.75 | 85/hr. | 1,933.75 |
| T. O. Fillette, III | 10.00 | 95/hr. | 950.00 |
| Totals: | 375.25 | | $31,643.75 |

Paralegals:

| | Hours | Rate | Fees |
|---|---|---|---|
| Sarah A. Crowder | 105.25 | $60/hr. | 6,315.00 |
| Margaret DeVries | 52.25 | 55/hr. | 2,873.75 |
| Nancy Northcott | 7.50 | 60/hr. | 450.00 |
| Martha Walsh | 129.25 | 25/hr. | 3,231.25 |
| Total Lodestar Amount: | | | $44,513.75 |

\*      \*      \*      \*      \*      \*

In accord with *Hensley v. Eckerhart, supra,* and *Anderson v. Morris, supra,* the court now considers adjustment in the lodestar amount based on the *Johnson* factors:

2. *Novelty and Difficulty of Questions Raised.*—This factor does not call for any adjustment.

■  3. *The Skill Required.*—A normal degree of skill and knowledge of law and fact was required to monitor defendants' performance. Defendants assert that more paralegals could have performed the monitoring work and the court should therefore reduce the fee award because plaintiffs' counsel used over-skilled people for certain tasks. Considerable skill, however, was necessary to delegate and coordinate monitoring activities throughout the state. Plaintiffs' counsel effected numerous economies and took appropriate steps to improve efficiency without diminishing the quality of review given to defendants' documents. Consequently, this factor does not call for a downward adjustment of the fee award.

4. *The Preclusion of Other Employment by the Attorneys and Paralegals.* —This factor is not applicable to this case and calls for no adjustment in the fee award.

6. *Whether the Fee is Fixed or Contingent.*—This factor· is not applicable to this case and calls for no adjustment in the fee award.

7. *Time Limitations Imposed by Client or Circumstances.*—This factor is not applicable to this case and calls for no adjustment in the fee award.

■  8. *The Amount Involved and the Results Obtained.*—As a result of monitoring by plaintiffs' counsel, deficiencies in defendants' operations were identified and addressed in this court's December 18, 1985, order. In addition, such monitoring presented an opportunity for constructive exchanges between plaintiffs' attorneys and local officials. Throughout the monitoring process, plaintiffs' counsel shared information with local officials who often agreed, prior to any court ruling, to adjust their procedures to comply with the *Alexander* requirements. This factor justifies an upward adjustment in the fee award.

■  9. *Experience, Reputation and Ability of the Attorneys and Paralegals.* —Plaintiffs' counsel's experience, reputation and ability in this area of the law have been recognized in the previous fee awards in this case. *See* 553 F.Supp. at 1267 and 570 F.Supp. at 419. Plaintiffs' counsel have demonstrated continued competence, dedication and vigor throughout the monitoring period. This factor justifies an upward adjustment in the fee award.

■  10. *The Undesirability of the Case.*—In considering this factor in its first 1983 fee award in this case, 553 F.Supp. 1263, 1267, this court observed: "This sort of case is often frustrating and thankless and requires great dedication...." This assessment remains accurate. Review of the thousands of documents necessary to complete the monitoring process was a tedious and specialized task which merits an upward adjustment in the fee award.

11. *Nature and Length of the Professional Relationship with the Client.*—This factor has no effect on the fee award.

12. *Awards in Similar Cases.*—The fee award requested is within the appropriate fee range as reflected in this court's previous awards in this case. *See* 553 F.Supp. at 1267 and 570 F.Supp. at 419.

The combined effect of factors 8, 9, and 10, justifies an upward adjustment of $9,000.00 in attorneys' fees.

In addition to fees, plaintiffs are entitled to recover costs and expenses in the amount of $1,713.05.

IT IS THEREFORE ORDERED that defendants pay to plaintiffs' counsel the sum of $53,513.75 in fees and $1,713.05 for expenses, making a total of $55,226.80.