Clara ALEXANDER, et al., Plaintiffs,

v.

Renee HILL, et al., Defendants.

No. C–C–74–183–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 19, 1985.

See also, D.C., 625 F.Supp. 567.

Theodore O. Fillette, III, Legal Services of Southern Piedmont, Charlotte, N.C., Pam Silberman, Legal Services Resource Center, Raleigh, N.C., for plaintiffs.

William Woodward Webb, Broughton, Wilkins, Webb & Gammon, P.A., Raleigh, N.C., for defendants.

ORDER

McMILLAN, District Judge.

On August 28, 1974, plaintiffs filed this suit seeking remedial action to improve the way in which North Carolina state and local agencies process applications for Aid to Families with Dependent Children (AFDC) and Medicaid, and to obtain defendants' compliance with federal regulations requiring the timely processing of such applications. On August 8, 1975, this court ordered defendants to develop and implement a plan for timely processing. Since the issuance of that order, plaintiffs have made numerous motions for further relief in order to obtain full compliance with the terms and the intent of the original order.

On August 30, 1985, plaintiffs filed the current motion for further relief, seeking modifications in the court's November 4, 1982, order, published at 549 F.Supp. 1355 (W.D.N.C.1982). Plaintiffs seek:

1) Expansion and clarification of the meaning of "without good cause," the determinant of the timeliness of processing;

2) Development of methods and guidelines to ensure the prompt reception of all public assistance applications on the first day a person attempts to apply for such aid;

3) Authorization of continued monitoring by plaintiffs' attorneys of defendants' compliance;

4) Imposition on the state of a $1,000 fine, payable to the Low Income Energy Assistance Program, for each month that more than 3% of cases in a county department are misclassified under the revised "good cause" rules; and

5) Increase from $50 to $100 in the fines imposed on the state for each week or fraction thereof an application is delayed without good cause (if more than 3% of all applications in that county are so delayed).

Plaintiffs seek an award of attorneys' fees for monitoring activities from May, 1983, to July, 1985. (The award of attorneys' fees will be addressed by separate order, 625 F.Supp. 567.)

Defendants have filed their own motion for a modification of the November 4, 1982, order. Defendants ask that Davie County be exempted from the fine provisions of the previous order.

Davie County has demonstrated perfect compliance with this court's orders and all applicable state and federal regulations from 1979 to the present.

The parties have reached a negotiated agreement on several of the questions raised by plaintiffs' motion. The court now adopts the following mutually acceptable modifications of its previous order:

1) ¶ 3(b) of the relief portion of the order, found in 549 F.Supp. at 1359–60, is revised to read:

3(b). The defendants shall not classify a case as overdue *with* "good cause," but shall classify it as overdue without "good cause," unless it appears from the documents in the applicant's file at the county department of social services that:

(i) The applicant or any other source from whom information is sought was notified in writing within twenty (20) days of the date of application of each specific piece of information needed for processing the application; and

(ii) If the need for additional information subsequently arose, the applicant or any other source from whom information is sought was notified in writing of the specific information needed within five (5) work days of the date on which the need for new and additional information became known to the county;

(iii) In applications where disability is an issue, all necessary information was sent by the county office to the Disability Determination Section within twenty-five (25) days of the date of application, unless circumstances beyond the control of the county agency, documented in the case file at the agency, make it impossible for the county to comply. In that event, the county agency shall send all necessary information to the Disability Determination Section within five (5) work days of when the county agency

receives the information necessary to begin processing the disability claim; and

(iv) All necessary information needed to finish processing a re-opened application was requested within five (5) work days after the date an appeal reversal becomes final under N.C.G.S. § 108A–79; any additional information needed was requested within five (5) work days after the need for it became known; and the re-opened application is finally acted upon within five (5) work days after all information is received. A county's appeal under N.C.G.S. § 108A–79(k) does not stay this requirement unless a court stays the agency's final decision pursuant to N.C.G.S. § 150–48.

Defendants, however, may reclassify a case covered by the terms of this subparagraph 3(b) as overdue with "good cause" after the delay caused by the applicant or other sources has exceeded the delay caused by the defendants. For example, if defendants do not notify an applicant or other source of all the information needed to process the application until thirty days after the application is filed (i.e. ten days more than the twenty days allowed by this paragraph), the case shall be classified on the forty-fifth day as overdue without "good cause" even though the applicant or other source has not supplied all necessary information. But if the information has still not been supplied as of the fifty-fifth day (i.e. after ten more days), defendants may reclassify the application as overdue *with* "good cause."

2) ¶ 7 of the relief portion of the order, found in 549 F.Supp. at 1360, is revised to read:

7. That defendants shall designate each overdue application pending at the Disability Determination Section as either overdue with "good cause" or overdue without "good cause" as of the sixtieth day after the date of application. Defendants shall limit the concept of "good cause" for delay in processing applications where disability is an issue to cases where the documents in the applicant's

file at the Disability Determination Section show the following:

(a) All additional disability evidence known to be necessary to determine eligibility was requested within the first five (5) work days of receipt of the application by the Disability Determination Section and this information has not yet been received; if, upon receipt of such additional evidence, the DDS determines that further evidence must be obtained from outside the agency to determine eligibility, such further evidence must be requested within seven (7) work days of the date that the previously requested evidence was received; and

(b) The disability decision has been mailed to the county department of social services within seven (7) work days of the receipt by the Disability Determination Section of evidence necessary to determine eligibility, except where the DDS needs an additional medical opinion from within its own agency to determine eligibility, in which event the decision must be mailed to the county within fourteen (14) work days of the receipt of the last item of medical evidence from outside the agency which was necessary to determine eligibility.

The Medicaid unit's reliance upon the Social Security unit's disability determination shall in no way excuse defendants from this definition of "good cause."

3) ¶ 14 of the relief portion of the order, found in 549 F.Supp. at 1361, is supplemented to include:

When defendants fail to hold the case open for the full six (6) months from the date of application, defendants shall re-open the application and give the applicant additional time to obtain and submit information needed to establish eligibility. The additional time shall be at least equal to the time remaining in the initial six month period when the defendants wrongfully terminated the application.

Plaintiffs and defendants were unable to reach complete agreement on the revision of ¶ 15 of the relief portion of the previous order, found in 549 F.Supp. at 1361. The plaintiffs' proposed version appears appropriate. Paragraph 15 will now read:

15. Defendants shall continue to ensure that all counties take all public assistance applications on the first day the person appears desiring to apply. Specifically, the defendants shall ensure that the counties do not refuse to take an application or discourage potential applicants from applying.

Defendants shall continue to ensure that all persons who appear at a county department of social services desiring to apply for public assistance shall be informed in writing and verbally of their right to make application without delay. The text of the notice provided to the would-be applicants shall be the same as that provided in the attachment to the August 12, 1976 order in this case.

In addition, defendants shall ensure that each county maintain a daily log of every person who visits the department of social services. The log shall contain the name, address, date, short description of the reason for the visit (including but not limited to, the need to obtain financial or medical assistance, or to drop off verifications) and the outcome of the visit (including, but not limited to, an application taken, inquiry only, or verification brought to the agency). The format of the daily log shall comport substantially with the form attached hereto. Plaintiffs shall have reasonable access, including copies of the logs, in all one hundred counties.

Defendants shall afford plaintiffs a fair hearing pursuant to North Carolina AFDC Manual, Section 2200 III.B.6.a. and b. (Reissued 7/1/85), or North Carolina Medicaid Manual, Sections 2490 and 2200 (Rev. 6/1/85) if any applicant alleges that the department of social services refused to take an application or discouraged the applicant from applying. The defendants shall retroactively accept applications back to the date the applicant first sought assistance when the applicant demonstrates that the department either refused to take the application or

discouraged him or her from applying. The processing time limits set out in this order shall begin to run as of the date the applicant first sought assistance.

The court authorizes plaintiffs' attorneys to continue to monitor state and local agencies' compliance with all applicable orders and regulations. Plaintiffs' attorneys will have direct access to all public assistance records in the requested ten additional county departments of social services to investigate compliance with the court's orders. The state will pay reasonable attorneys' fees for the further monitoring and investigation.

Under the vigilant scrutiny of plaintiffs' attorneys, the state and local agencies have made substantial progress in improving and accelerating the processing of applications for critically necessary assistance. Regrettably, avoidable delays still persist and the state is expected to minimize such delays. The court, however, questions whether an increase in the previously prescribed fiscal medicine will produce proportionate results. The court declines to impose new and increased fines for noncompliance. Plaintiffs' requests for the $1,000 monthly fine and the $100 weekly fine are DENIED.

Defendants must continue to pay each applicant who is determined to be eligible for AFDC or Medicaid a remedial fine of fifty dollars ($50.00) for each week or fraction thereof the application is delayed beyond the relevant time limits without good cause.

In light of the significant improvements achieved by the defendants, the court believes that an experiment in positive rather than negative reinforcement is appropriate. The carrot should now replace the stick in the case of Davie County. [Plaintiffs' attorneys have recognized Davie County's achievements. They suggest rewarding Davie County with the playing of a recording of the "Ballad of Davie County" over the Muzak systems of various county agencies throughout the state. Borrowing from the "Ballad of Davey Crockett," the suggested tribute goes:

We take applications without a pause;
We're never overdue without good cause;
Nobody else obeys these laws;
Give us a break, Old Santa Claus!
Davie, Davie County,
King of the Processors!

Despite the seasonal timeliness and the cleverness of the proposed musical reward, the court does not consider balladry quite sufficient. In recognition of its perfect record, Davie County until further notice will be exempt from the penalty provisions of the previous order. Defendants' motion for the modification of the previous order as to Davie County is GRANTED.